PEOPLE *v.* MANIER

1. RECORDS — PUBLIC RECORDS — EVIDENCE — HEARSAY — TRUST-WORTHINESS.

   Public records, although they are hearsay evidence, are considered to be trustworthy not only because public officials, who are under sanction of oath of office, keep them, but also because the records are subject to public scrutiny, and officials may be made to correct their errors in record-keeping.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 30 Am Jur 2d, Evidence § 991 *et seq.*
[2, 3] 29 Am Jur 2d, Evidence § 448 *et seq.*
[4, 6] 7 Am Jur 2d, Automobiles and Highway Traffic § 23 *et seq.*

2. EVIDENCE—WRITINGS—BEST EVIDENCE.

The best evidence rule is that to prove the contents of a writing, the original writing itself must be produced, unless it is shown to be unavailable.

3. EVIDENCE—WRITINGS—BEST EVIDENCE.

The rationale of the best evidence rule is that the possibility of fraud or mistake is substantially eliminated where the writing itself is produced.

4. EVIDENCE—AUTOMOBILES—OWNERSHIP—RECORDS.

Anyone seeking to prove ownership of an automobile in Michigan can get copies of official records as a matter of right (MCLA § 257.207).

5. EVIDENCE — STATUTES — REVISED JUDICATURE ACT — OFFICIAL RECORDS.

The Revised Judicature Act provides for the use of official records as evidence (MCLA § 600.2107).

6. CRIMINAL LAW—INDECENT EXPOSURE—EVIDENCE—HEARSAY.

In order to convict defendant of indecent exposure committed by the occupant of a car, it was necessary to correlate a license number in a police report and defendant's ownership of that car through appropriate records; it was reversible error to admit the hearsay testimony of a policewoman that defendant's ownership of an automobile had been ascertained by checking the license number in the police report against the police records (MCLA §§ 257.207, 750.335a).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 October 8, 1969, at Detroit. (Docket No. 4,462.) Decided October 29, 1969.

Nelson Archie Manier was convicted of indecent exposure of his person. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

pellate Lawyer, and *Luvenia D. Dockett,* Assistant
Prosecuting Attorney, for the people.

*Tony Ferris,* for defendant.

Before: FITZGERALD, P. J., and McGREGOR and
V. J. BRENNAN, JJ.

McGREGOR, J.   The people's attempt to convict the
defendant was conducted in a manner which neces-
sitates reversal.   Defendant appeals his conviction
of violating MCLA § 750.335a (Stat Ann 1954 Rev
§ 28.567[1]), the indecent exposure of his person.

The facts presented on this appeal are not dis-
puted by the parties.   The record shows that com-
plainant was working at a party store in Detroit on
August 16, 1966.   Between 10:30 and 11 p.m. she
saw a car drive up to the curb in front of the store.
Complainant turned her back to the street, and when
she heard no one leave the car, she looked again into
the street.   It was at this time that she observed a
man masturbating in the car.   She got a final glimpse
as she went outside to write down the license number.
Immediately after the incident, she telephoned the
police.

The complainant could not make a positive iden-
tification of the defendant at the showup.   At trial,
she purportedly made an identification, but admitted
she could not identify him from a front view.   A
policewoman took the stand and testified that, based
on the records of the police department, the license
number received from complainant, which was in-
cluded in the police report, indicated the car was
owned by the defendant.

Assuming without deciding that the license num-
ber received from the complainant was not hearsay,
other evidentiary violations have occurred.   There

was a need to correlate the license number in the police report and the owner of the car through appropriate records in order to connect the defendant with the car and, through that, with the crime. The officer sought to do this merely by checking the Detroit police records and making an oral report in the court. This testimony was objected to as hearsay. The people did not offer these written records.

It is clear that these public records are themselves hearsay evidence, but they are considered trustworthy because they are kept by public officials who are under sanction of oath of office. The correctness of these records is further assured, since they are subject to public scrutiny and the official may be made to correct his errors.

In addition, since the records themselves, or certified copies, were not produced and introduced, a violation of the "best evidence" rule took place. Briefly, this rule provides that to prove the contents of a writing, the original itself must be produced, unless it is shown to be unavailable. The rationale of the rule is that the possibility of fraud or mistake is substantially eliminated where the writing itself is produced. In Michigan, anyone seeking to prove ownership of an automobile could produce copies of official records as a matter of right. The motor vehicle code provides as follows:

"(a) Officers and employees of the department designated by the secretary of state for the purpose of administering the motor vehicle laws, shall administer oaths and acknowledge signatures without fee.

"(b) The secretary of state and such officers of the department as he may designate are hereby authorized to prepare under the seal of the department and deliver upon request a certified copy of any record of the department maintained by virtue of this act, charging a fee therefor as hereinafter provided, and every such certified copy shall be admis-

sible in any proceeding in any court in like manner as the original thereof." (MCLA § 257.207 [Stat Ann 1968 Rev § 9.1907]).

Furthermore, the Revised Judicature Act explicitly provides for the use of official records as evidence. MCLA § 600.2107 (Stat Ann 1962 Rev § 27A.2107). It must be concluded that the admission of the policewoman's testimony in regard to the license number was error and necessitates a new trial.

Reversed and remanded.

All concurred.