PEOPLE *v.* FRISON

1. EVIDENCE—SOUND RECORDINGS—ADMISSIBILITY—FOUNDATION.

Sound recordings, if relating to otherwise competent evidence, are admissible provided a proper foundation is laid consisting of: (1) showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.

2. CRIMINAL LAW—EVIDENCE—SOUND RECORDINGS—FOUNDATION—ADMISSIBILITY—UNINTELLIGIBILITY.

Admission of a sound recording and a transcript of it was not error where the record discloses that the prosecutor laid the proper foundation even though background noises made understanding the recording difficult.

Appeal from Macomb, James E. Spier, J. Submitted Division 2 June 2, 1970, at Lansing. (Docket No. 7,196.) Decided June 30, 1970.

Luther Frison was convicted of second-degree murder. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 436.
    Admissibility of sound recordings in evidence.  58 ALR2d 1024.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

*James C. Kotwick,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and ROOD,* JJ.

PER CURIAM. After trial by jury, defendant Luther Frison was convicted of second-degree murder, MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). This appeal, as of right, raises a single evidentiary issue.

At trial a tape recording of a police interrogation of defendant was played before the jury. When it appeared that background noise on the tape made understanding the recording difficult, the trial court, with the concurrence of counsel, permitted a prior transcript of the recording to be read. This reading was made subject to the replaying of the tape in the event of possible objections. After the transcript was read, defendant requested that the tape be replayed in order to clarify one statement. This was done and the trial proceeded without further objection. Defendant now argues that the tape was so unintelligible as to constitute its admission reversible error.

Sound recordings, if relating to otherwise competent evidence, are admissible provided a foundation is laid for their admission. *Boyne City, G. & A. R. Co.* v. *Anderson* (1906), 146 Mich 328; 58 ALR2d 1024, 1027. See, also, 29 Am Jur 2d, Evidence, § 436, p 494. The requirements necessary for a proper foundation were detailed in *People* v. *Taylor* (1969), 18 Mich App 381, 383, 384:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

" '(1) a showing that the recording device was capable of taking testimony, (2) a showing that the operator of the device was competent, (3) establishment of the authenticity and correctness of the recording, (4) a showing that changes, additions, or deletions have not been made, (5) a showing of the manner of the preservation of the recording, (6) identification of the speakers, and (7) a showing that the testimony elicited was voluntarily made without any kind of inducement.' "

Our review of the record in the instant case reveals that the prosecution met all of the above requirements.

"The fact that a recording may not reproduce an entire conversation, or may be indistinct or inaudible in part, has usually been held not to require its exclusion; however, the recording may be rejected if it is so inaudible and indistinct that the jury must speculate as to what was said. It has been held that unless the unintelligible portions of a tape recording are so substantial as to render the recording as a whole untrustworthy, the recording is admissible and the decision whether to admit it should be left to the sound discretion of the trial judge." 29 Am Jur 2d, Evidence, § 436, p 495.

The trial court did not err by admitting the recording and transcripts into evidence.

Affirmed.