STATE OF WEST VIRGINIA

*v.*

ROBERT HARR

(No. 13077)

Submitted September 19, 1972.     Decided March 6, 1973.

*Stanley E. Preiser, Leo Catsonis, Michael Tomasky,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Richard E. Hardison, Willard A. Sullivan,* Assistant Attorneys General, for defendant in error.

CAPLAN, JUDGE:

This case is before the Court on a writ of error to a final judgment of the Circuit Court of Monongalia County. Robert Harr, the appellant, sometimes herein called "defendant", was convicted in a trial before a jury upon an indictment which charged him with felonious and unlawful possession for sale of "a narcotic drug known as Cannabis, and more commonly known as

Marijuana". The second count of the indictment charged that "Robert Harr * * * did unlawfully and feloniously * * * manufacture, possess, have under his control, sell, prescribe, administer, dispense and compound" the above named substance. Upon the denial of the defendant's motion for a new trial, this appeal was prosecuted.

On May 7, 1969, while under assignment as a member of the West Virginia Department of Public Safety to investigate the reported possession and sale of marijuana on the university campus in Morgantown, Trooper James L. Giles approached the defendant, a university student, at his apartment in Summit Hall, a student dormitory. On this occasion, as revealed by the record, Trooper Giles asked Harr to sell him some "grass or smoke". Upon being told more than once that he, Harr, did not have any such substance, Trooper Giles persisted in his request, which, it is contended by the defendant, under the circumstances, could be construed as intimidation of the defendant or entrapment.

As admitted by the Trooper, he was dressed "rather shabbily", being attired in blue jeans. He had a mustache and beard and what is commonly known as an Afro hair style. Giles testified that he was not drinking at the time but that he had a cup of whiskey with him in an attempt to create the impression that he was intoxicated. Also, he offered Harr a drink, hoping that that would induce him to sell marijuana to him. Accompanying him was one Billy Wells, who, according to Trooper Giles, was a large man, six feet five inches in height, in an obvious state of intoxication at the time.

Giles testified that after continued persuasion, the defendant went to a dresser, a drawer of which he unlocked with a key which he took from the top of said dresser. From this drawer he took a packet which Giles believed contained marijuana. His belief was based on placing some of the substance on the tip of his tongue, but he readily acknowledged on cross examination that

he could not determine by this method whether or not it was marijuana.

The further testimony of Giles reveals that he purchased the packet from Harr for five dollars and that while his friend Wells was getting a ten dollar bill changed, the defendant showed him a pipe and attempted to get him to smoke some "good stuff" which he said he had. Giles said that after he paid Harr he took the packet and left the apartment.

Following this incident, Trooper Giles testified that on May 10, 1969, he, along with Trooper J. R. Rogers and Trooper R. L. Cunningham, searched the defendant's room and seized the above mentioned pipe from the drawer in which he had formerly seen it. This search was made pursuant to a warrant obtained from Justice of the Peace Shale. The legality of this warrant is one of the questions repeatedly raised in the proceedings below and upon this appeal.

Thereafter, on October 9, 1969, the aforesaid indictment was returned and on October 13, 1969 the defendant was brought into court for arraignment. Having entered a plea of not guilty, on October 20, 1969 the trial was set for November 3, 1969. Many pleas and motions were filed by the defendant which raised a number of issues most vital to the defense of his case. After a hearing, the validity and substance of which is attacked by the defendant, all of the pleas and motions were denied. This occurred on October 30th, just four days before the trial was to begin.

The court's action prompted the defendant to request a continuance, within that term, contending that by reason of the blanket denial by the court of all of his pleas and motions he could not properly prepare his defense by November 3rd. The motion for a continuance was denied, and, as aforesaid, the jury found the defendant guilty as charged in the indictment.

In his petition for a writ of error and supersedeas to this Court the defendant's assignments of error number

twenty-eight. Upon examination of the record, however, we do not deem it necessary to consider all of such assignments but will confine our discussion to those which, in our opinion, are dispositive of this appeal.

One of the principal assignments of error upon which the defendant relies is that the state's evidence was wrongfully admitted, it being alleged that it was obtained by an unlawful search. The admissibility of such evidence was challenged by the defendant by various pleas and motions prior to the trial. It was his expressed position on those occasions that, no probable cause having been shown before the justice of the peace, the search warrant was invalid, thereby causing the fruits of the warrant to be inadmissible.

Upon objection to the admissibility of the state's evidence, the court held a hearing to determine that question. The prosecuting attorney was permitted to call Trooper Giles to the stand and, through him, to develop the state's case as to the admissibility of the evidence. When this witness had completed his testimony the court refused repeated requests by the defendant to permit him to produce evidence through various witnesses in an effort to show that the search warrant was invalid. It was the defendant's position that by calling Justice of the Peace Shale to the stand, he could prove conclusively that the warrant was obtained without probable cause having been shown. The defense made known to the court that it would also call Trooper Rogers, Sergeant White and Mrs. Friend, Clerk of the Circuit Court, to support its contention. In addition, neither the warrant nor the affidavit relied on by the state is a part of the record. As aforesaid, the court refused to permit the defendant to call any witnesses and ruled that the evidence was admissible.

It has long been held that before a legal search warrant can be issued by a judicial tribunal, probable cause therefor must be established. *State ex rel. Lewis v. Warth,* 131 W.Va. 437, 48 S.E.2d 6. In the absence thereof the

warrant is void and of no force or effect. Furthermore, it is now well established that, in the event a defendant in a criminal case objects to the admissibility of evidence on the ground of unlawful search, the question of admissibility should be determined in the same manner required for determining the voluntariness of a confession. *State v. Basden,* 8 N.C. App. 401, 174 S.E.2d 613. See *State v. Fortner,* 150 W.Va. 571, 148 S.E.2d 669, Point 1 of the Syllabus of which reads:

> "It is the mandatory duty of a trial court, whether requested or not, to hear the evidence and determine in the first instance, out of the presence of the jury, the voluntariness of an oral or written confession by an accused person prior to admitting the same into evidence, and the failure to observe this procedure constitutes reversible error."

In apparent recognition of its obligation, in the circumstances, the court held a hearing to determine the admissibility of the state's evidence. What transpired on that occasion, as indicated hereinabove, makes it quite clear that the defendant was, in fact, denied his request for a proper determination of the issue. Such a hearing is afforded for the benefit of the defendant. He should thereby be permitted to pursue his theory of defense and should have the full right to examine and cross-examine. This contemplates the calling of witnesses and production of evidence by the defendant as well as the state. Certainly, under our concept of justice and fairness, no contested issue can be reliably determined when only one side of the controversy is permitted to be heard and considered. See *People v. Smiley,* 54 Misc. 2d 826, 284 N.Y.S.2d 265. It is not material to this issue to consider the validity of the testimony offered by the defendant. Suffice to say that he did offer to produce evidence to support his allegations and the court did not permit him to be heard. By this denial the court erred.

The state argues that the court properly ruled that its evidence was admissible. Further, it asserts, the court's

action was proper by reason of its declaration that the evidence would be excluded if, at the trial before the jury, it developed that such evidence was inadmissible. We reject this assertion. The guilt or innocence of a defendant must be determined upon proper proof, not on inference or suggestion. We should not permit unlawfully obtained evidence to be introduced for consideration by the jury and then rely on the court's admonition to that body to disregard such evidence. This practice can and must be avoided and will be by the simple expediency of a proper hearing before the evidence is heard or viewed by the jury.

A further assignment of error worthy of consideration is the contention of the defendant that the court refused to permit access to certain evidence and denied him the right to interview the state's witnesses prior to the trial. This, says the defendant, effectively prevented the defendant from properly preparing his defense.

The record reveals that on October 23, 1969, prior to the trial of the case, the defendant filed a motion to compel certain witnesses called by the state to talk with his counsel. As an exhibit filed with such motion was an affidavit which purports to show that the prosecuting attorney had instructed such witnesses "not to discuss the circumstances or events leading up to and culminating in the indictments against this defendant and others with anyone except someone from Mr. Laurita's staff." Upon resistance and objection by the prosecuting attorney, the court, as was its practice throughout the entire proceedings below, including the trial, sustained the prosecutor's objection and refused the defendant's request that it be permitted to interview these state witnesses.

Reason, justice and basic fairness, not surprise, have and are more and more becoming to be recognized as the proper foundation of a trial concerning one's rights. Proper adjudication of such rights should be founded on a search for truth. Reflecting this principle is the following cogent language of the court in *Gregory v. United States*,

369 F.2d 185: "A criminal trial, like its civil counterpart, is a quest for truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons who have the information from which the truth may be determined. The current tendency in the criminal law is in the direction of discovery of the facts before trial and elimination of surprise at trial. * * * In our judgment the prosecutor's advice [to refuse to talk to defense counsel] to these eye witnesses frustrated that effort [preparation of defense] and denied appellant a fair trial."

In the instant case, as in the *Gregory* case, the prosecuting attorney appeared to have advised certain witnesses not to talk to defense counsel. We concur in the thoughts expressed in *Gregory* and hold that the trial court's action effectively frustrated the defendant's efforts in preparing his defense and that he was thereby denied a fair trial. See also *Coppolino v. Helpern*, 266 F. Supp. 930; *Lewis v. Court of Common Pleas of Lebanon County*, 436 Pa. 296, 260 A.2d 184 and cases cited in Annotation, 14 A.L.R.3d 652.

The defendant, by motion, asked for the right to examine the substance introduced into evidence as marijuana, and asked that his own expert be permitted to obtain a small portion thereof for the purpose of making an analysis of it. The motions were resisted by the state and overruled by the court. This matter has been dealt with by this Court in two recently decided cases. *State v. McArdle*, 156 W.Va. 409, 194 S.E.2d 174, (decided at this term) and *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550. As noted in those cases, the law under which the defendants were prosecuted, certain parts of the marijuana plant are excluded from illegality. The test offered by the state does not distinguish the illegal parts from the legal. These matters being most pertinent and material to his defense, the defendant should have been permitted to have his expert witness analyze the substance so that he could meaningfully testify before the jury. See *Brady v.*

*Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215, in which it was held that suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt.

Numerous other errors were assigned, many of which concern the exercise of discretion by the trial court. It is our belief that such exercise of discretion was often frustrated by the constant controversy between the prosecuting attorney and defense counsel, which caused the trial to be conducted in an air bordering on hostility. In these circumstances there were several instances of abuse of judicial discretion. Hostility and vindictiveness have no place in a criminal trial. Such attitudes can result only in grave detriment to the defendant and operate to deny him a fair trial.

The cumulative effect of the numerous errors apparent on the record deprives the trial and the attendant proceedings of the appearance of evenhanded justice which is at the core of due process, and without which the defendant cannot be afforded a fair trial.

For the reasons stated herein the judgment of the Circuit Court of Monongalia County is reversed and the case is remanded for a new trial.

Judges Carrigan and Kessel participated and concurred in this decision but departed from the Court prior to the preparation of the opinion. Judges Sprouse and Neely did not participate in the consideration or decision of this case.

*Reversed and remanded.*