STATE OF WEST VIRGINIA

*v.*

JACKIE TOMEY

(No. 14007)

Decided October 16, 1979.

*Brown H. Payne* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Lawrence R. Frail,* Assistant Attorney General, for defendant in error.

NEELY, JUSTICE:

This appeal arises from the conviction of the defendant below, Jackie Tomey, for possession with intent to deliver of a controlled substance, namely marijuana under *W. Va. Code,* 60A-4-401(a) [1971]. The defendant assigns two principal errors: 1) failure to permit the defendant to develop facts out of the presence of the jury relevant to his motions to suppress; and, 2) the admission into evidence of statements made by the defendant and evidence seized from the defendant over defendant's timely objections. Disposition of these two points makes it unnecessary to consider any others. We reverse and remand.

At approximately 2:00 p.m. on 11 September 1976, Deputy Sheriff William Hatfield, who was on routine foot patrol, observed Mr. Tomey accompanied by two other young men coming out of an apartment on Wyoming

Street in Mullens, carrying a suitcase. The defendant and his companions walked toward the officer and upon seeing him, turned around and walked back to the defendant's automobile. The officer testified that his suspicions were aroused because he recognized one of the defendant's companions, whom he suspected of being a recent escapee from the juvenile correctional facility at Pruntytown. It later developed that one of the youths had indeed run away from Pruntytown.

The defendant and his two friends started to get into the automobile. One got into the back seat, another entered the front seat, and the defendant was about to get into the driver's seat after placing his suitcase into the rear seat. At that point, while the car door was still open and before the engine had been started, the deputy sheriff asked the defendant for the automobile registration. The officer testified that the defendant appeared intoxicated and that he observed "roaches" (marijuana cigarette butts) in the ashtray and marijuana seeds in the interior of the car. The deputy was joined by his partner who also testified to the intoxicated state of the defendant and his companions. Officer Hatfield arrested the defendant and charged him with intoxication. Although the testimony conflicts, at some point, either immediately before the handcuffing of the defendant to a nearby rail or immediately afterwards, the defendant offered his "personal stash" of marijuana in return for a promise not to search the automobile and the defendant's suitcase. The officer testified that he discovered the defendant's stash in his sock, and that he then proceeded to search the car and the suitcase where he found twelve packages of marijuana.

I

Our Court has made it manifestly clear that a discussion about evidence allegedly obtained by an unlawful search should be made *in camera.* We very plainly stated in *State v. Harr,* 156 W. Va. 492, 497, 194 S.E.2d 652, 655 (1973), "it is now well established that, in the event a defendant in a criminal case objects to the admissibility

of evidence on the grounds of unlawful search, the question of admissibility should be determined in the same manner required for determining the voluntariness of a confession." Since our decision in *State v. Fortner,* 150 W. Va. 571, 148 S.E.2d 669 (1973), a hearing on the voluntariness of a confession has been mandatory, whether or not it was requested. In this instance, the defense counsel *requested* an *in camera* hearing which was denied both before and during the trial. We do not reach the question of whether this error would have been reversible had counsel failed to request a hearing.[1] Nor do we reach the question of whether the statements made by the defendant were made before the arrest occurred. We do however, find that the statements were so incriminating that there should be an *in camera* hearing to determine if they were made voluntarily and freely. *State v. Fortner, supra.*

## II

In addition to the failure to provide for an *in camera* hearing to discuss the legality of the introduction of the evidence, namely the marijuana from the suitcase, and the statement by the defendant suggesting a deal in return for a promise not to search the suitcase, the lower court also committed reversible error in deciding that the evidence was admissible. The factual evidence surrounding the purported deal proposed by the defendant is clouded, and consequently, it would be difficult for us to address the voluntary nature of the confession on the merits; however, there is no comparable problem regarding the search of the suitcase.

In the mercurial field of criminal procedure the United States Supreme Court has recently provided very lucid guidance regarding the privacy expectations in a

---

[1]*See State v. Pratt,* ___ W. Va. ___, 244 S.E.2d 227 [1978] where we held that the lower court must conduct an *in camera* hearing on the admissibility of a pre-trial identification allegedly made under constitutionally impermissible conditions if a proper objection is made.

closed suitcase in an automobile, *Arkansas v. Sanders,*
____ U.S. ____, 99 S.Ct. 2586 (1979); *United States v. Chad-
wick,* 433 U.S. 1 (1977). In both cases the Supreme Court
held that a search warrant is required before police offi-
cers may open a suitcase which they have lawfully
seized at the time of the arrest of the owner, when there
is probable cause to believe it contains contraband.[2] The
prosecution has sought to justify the officer's failure to
secure a search warrant under the "automobile excep-
tion" of *Chambers v. Maroney,* 399 U.S. 42 (1970) and as
a search incident to arrest under *Chimel v. California,*
395 U.S. 752, 763 (1969). Both of these exceptions to the
general warrant requirement are inapplicable because
they were not intended to apply to closed containers.
*Chambers* evolved as an exception that allowed for the
great mobility of cars and the more limited privacy ex-
pectation that an individual has in his automobile. *Chi-
mel,* which allows the arresting officer to search the
"grabbable" area in which the defendant "might gain
possession of a weapon or destructible evidence," 395
U.S. at 763, is inapposite since there was no danger of a
weapon being grabbed from the closed suitcase. The
suitcase could have been seized and later searched un-
der a proper warrant. Since the search was illegal the
introduction of the evidence is illegal.

Therefore, for the reasons set forth above, the judg-
ment of the Circuit Court of Wyoming County is reversed
and the case is remanded for a new trial.

*Reversed and remanded.*

---

[2]The prosecution argues that *Arkansas, supra,* is distinguishable
because the suitcase in that case was in the trunk rather than the
interior of the car. That truly is a distinction without a difference
since the point in both *Chadwick, supra,* and *Arkansas, supra,* was
that the police were in control of the automobile and its occupants
and there was no danger that the suitcase and its occupants would
be rendered unavailable to due legal process. ____ U.S. ____, 99 S.Ct.
at 2589.