State Of West Virginia

*v.*

Virgil Adkins

(No. 14440)

Decided July 17, 1981.

*Bernard Spaulding, Grubb & Spaulding*, for Adkins.

*Chauncey H. Browning*, Attorney General, *Paul Dean Maas, Curtis G. Power, III*, Assistant Attorneys General, for the State.

PER CURIAM:

The Grand Jury attending the September 1977 Term of the Circuit Court of Logan County returned an indictment charging the appellant, Virgil Adkins, with the delivery of marijuana. After a jury trial on May 5, 1978, the appellant was found guilty of that charge and sentenced to one to five years incarceration in the penitentiary.

The appellant contends that reversible error was committed by the trial court when it refused to give Defendant's Instruction No. 7 dealing with entrapment. The instruction was refused by the court on the ground that there had not been enough evidence presented to support such an instruction. We disagree.

Testimony by State's witness, Trooper D. K. Hylton, indicated that the first contact giving rise to this transaction was initiated by the appellant's son on the day preceding the 12:30 a.m. visit of the trooper and an informant to the appellant's house. Trooper Hylton's testimony reveals that he went to the Adkins' residence specifically and solely to purchase the marijuana, and that he informed the appellant that the purpose of the visit was to buy marijuana. The appellant was initially reluctant to consummate a transaction, and as Hylton testified: "We

kept the conversation going" with the defendant's son. The subject of the conversation was the son's promise earlier in the day to sell marijuana to these persons. The son repeatedly urged the appellant to keep that promise. As much as forty-five minutes elapsed before the appellant was finally persuaded to leave the house to retrieve the marijuana. Trooper Hylton's testimony also revealed that upon the informant's initial contact with Randy "Bo" Adkins, the appellant's son, Bo had represented that *"he* had marijuana for sale." (Emphasis added). All representations regarding the sale, the reasons for the sale and the price were made by Bo Adkins and not by the appellant.

The amount of evidence to justify the giving of an instruction is not such an amount of evidence as would guarantee a jury finding in favor of the party offering the instruction. We stated in *State v. Knight,* 159 W.Va. 924, 230 S.E.2d 732, 734 (1976):

"Under his plea of not guilty, a defendant in a criminal case is entitled to have the jury consider, under proper instructions, every theory of defense to which the evidence or the reasonable inferences to be drawn therefrom may entitle him. There is no need to treat the defense of entrapment as an exception requiring the application of a different rule."

Viewing the evidence in this case we believe that entrapment was a legitimate theory of defense which was supported by sufficient evidence to entitle the appellant to an instruction on the point.

The State contends that this appellant cannot rely upon the defense of entrapment and was not entitled to an instruction on this point because entrapment would be inconsistent with the appellant's primary defense which was a factual denial that he had never participated in the marijuana transaction. This does not comport with our law set out in Syllabus Point 2 of *Knight, supra:*

"In a criminal case, even though the defendant denies the commission of the offense, he is still entitled to rely on the defense of entrapment if the

State injects evidence of entrapment into the case."

A defendant should not be required to forfeit a possible valid defense nor should the court ignore what could be improper conduct by law enforcement officers merely because the defendant has elected to put the government to its proof by denying factual assertions against him. The above rule was specifically limited in *Knight* to cases in which the State's case in chief injects evidence of entrapment. This case is such a case.

The appellant next asserts that reversible error was committed by the trial court when it failed to grant his motion for an independent examination and testing of a sample of the marijuana he allegedly sold. The refusal of this motion was reversible error. Nearly a decade ago, this Court held:

> "A person charged with possession of an illegal drug should be permitted to examine the alleged illegal drug under proper supervision and control." Syl. pt. 4, *State v. Harr*, 156 W.Va. 492, 194 S.E.2d 652 (1973), *quoting*, Syl. pt. 3, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972).

*See also, State v. McArdle*, 156 W.Va. 409, 194 S.E.2d 174 (1973).

The appellant further assigns as error that the trial court, over the appellant's objection, permitted the introduction of evidence of other crimes. The court permitted Trooper F. M. Clark to testify that on March 24, 1977, he had purchased a controlled substance at the defendant's house. The testimony indicated that although the defendant was present at the time of that transaction and had some involvement in it, he was not charged with any crime based upon that incident. The trial court admitted this evidence over the appellant's objection on the ground that it was permissible under *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974) to show a common scheme or plan on the part of the defendant. The State asserts the court was correct in admitting the evidence for this reason. We disagree with both the trial court's and the

State's reasoning. The evidence of a single isolated sale of a controlled substance for which a person was not charged is not within the common scheme or plan exception delineated in *Thomas,* which requires that "the commission of the two or more crimes [are] so related to each other that proof of one tends to establish the other." 157 W.Va. at 655, 203 S.E.2d at 455. *See also, State v. Frasher,* 164 W.Va. 572, 265 S.E.2d 43 (1980). Upon these authorities we conclude that this evidence was not admissible and that its admission over the appellant's objection constituted reversible error.

The appellant also assigns as error the trial court's failure to grant a motion for a Bill of Particulars. In *State v. Sette,* 161 W.Va. 384, 242 S.E.2d 464, 473 (1978), we urged the granting of "every reasonable request relating to discovery." Since this case will be retried, further consideration can be given to the limits of discovery prior to the retrial.

For the foregoing reasons the judgment is reversed and the case is remanded with directions to proceed in accordance with those views.

*Reversed and remanded with directions.*