STATE OF WEST VIRGINIA

*v.*

LOUIS AVERY HARRIS, JR.

(No. 14254)

Decided January 19, 1982.

*Jones, Williams, West and Jones and Jerald E. Jones,* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Thomas N. Trent,* Assistant Attorney General, and *Brad Russell,* Law Clerk, for defendant in error.

MILLER, CHIEF JUSTICE:

The defendant, Louis Avery Harris, Jr., was convicted by a jury in the Circuit Court of Barbour County in July 1977 of kidnapping for the purpose or with the intent of evading capture or arrest after he had committed a crime. The defendant states four primary grounds of error. First, he contends the trial court failed to conduct an *in camera* hearing to determine the admissibility into evidence of items seized from his automobile. He secondly claims the trial court erred in admitting a tape recording of his interrogation by police officers. His third argument is that the trial court's statements to the jury regarding the tape recorded confession amounted to a vouching of its credibility. Finally, the defendant complains of the trial court's failure to give certain defense instructions to the jury.

On October 9, 1976, the defendant robbed the Creed Oil Company Station of currency and checks and abducted Jeffrey Moats, the employee on duty. The defendant then

drove Moats around for several hours in Barbour, Taylor and Harrison Counties. Moats escaped from the defendant on a country road in Harrison County and was shot at by the defendant. The defendant was apprehended on the same day, gave the police a tape recorded inculpatory statement and allegedly consented to a search of his automobile.

I.

The defendant contends that the trial court erred in failing to conduct an *in camera* hearing to determine the admissibility of the evidence seized from his automobile. The State sought to introduce some .22 caliber pistol cartridges and seven or eight checks allegedly taken from the Creed Oil Company which were seized from the defendant's automobile. The defendant objected to the validity of the search, however, the evidence seized was admitted into evidence because the State claimed that the defendant consented to the search. There is no dispute that the defense counsel objected to the introduction of the evidence and no *in camera* hearing was held to determine the validity of the consent to search. The State argues that there is sufficient evidence in the trial court record to resolve the fact issue here. We have carefully reviewed the record and do not find sufficient facts to resolve the issue. *Cf. State ex rel. White v. Mohn,* ____W. Va. ____, 283 S.E.2d 914 (1981).

We have held that if a defendant objects to the admissibility of evidence on the ground that it was obtained by an unlawful search, the question of admissibility of such evidence should first be determined at an *in camera* hearing. In Syllabus Point 1 of *State v. Harr,* 156 W. Va. 492, 194 S.E.2d 652 (1973), we stated:

"If the defendant in a criminal trial objects to the admissibility of evidence on the ground that it was obtained by an unlawful search, the admissibility of such evidence should be determined by the court, out of the presence of the jury, after hearing evidence pertaining to the search war-

rant and the manner in which the evidence was obtained."

*See also State v. Pratt,* 161 W. Va. 530, 244 S.E.2d 227 (1978). We further held in Syllabus Point 3 of *State v. McKinney,* 161 W. Va. 598, 244 S.E.2d 809 (1978):

> "A consent to search agreement signed by an accused must be treated in the same manner as a confession and the trial court must, even in the absence of a specific request, determine the voluntariness of such consent before the evidence obtained by the search can be introduced into evidence."

*See also State v. Craft,* W. Va. , 272 S.E.2d 46 (1980). In view of the foregoing law, we hold that it was error for the trial court not to have conducted an *in camera* hearing on the voluntariness of the defendant's consent to search. Whether the conviction must be set aside will depend on the matters developed upon remand. We are remanding this case based upon the principles evolved in *Jackson v. Denno,* 378 U.S. 368, 12 L.Ed.2d 908, 84 S.Ct. 1774 (1964), which we have adopted in a number of recent cases. *State ex rel. White v. Mohn, supra; State v. Clawson,* 165 W. Va. 588, 270 S.E.2d 659 (1980); *State v. Lawson,* 165 W. Va. 119, 267 S.E.2d 438 (1980); *State v. Brewster,* 164 W. Va. 173, 261 S.E.2d 77 (1979). The purpose of the remand is to provide a hearing before the trial court to determine if the defendant's consent to search was voluntary. If it was, the conviction should be affirmed since we find that there is no other reversible error. If on the other hand the consent to search was not voluntary, the conviction must be set aside unless the trial court can determine that the evidence introduced was harmless beyond a reasonable doubt. Syllabus Point 1, *State ex rel. White v. Mohn, supra;* Syllabus Point 5, *State v. Clawson, supra.*

## II.

The defendant's second assignment of error relates to the admission of his taped recorded inculpatory statement. He contends that the trial court did not make a proper determination in regard to its authenticity. The general rule is that tape recorded inculpatory statements

may be admitted into evidence and played to the jury, if they meet the following criteria: (1) A showing that the recording device was capable of taking testimony; (2) a showing that the operator of the device was competent; (3) an establishment of the authenticity and correctness of the recording; (4) a showing that changes, additions, or deletions have not been made; (5) a showing of the manner of the preservation of the recording; (6) an identification of the speakers; and (7) a showing that the testimony was voluntarily made without any kind of inducement. Annot., 58 A.L.R.2d 1026, 1027-28 (1958). The following cases have used these factors in admitting sound recordings into evidence. *People v. Fetri*, 178 Cal. App.2d 385, 2 Cal. Rptr. 795 (1960); *Garnier v. State*, 172 So.2d 511 (Fla. 1965); *People v. Tuison*, 25 Mich. App. 146, 181 N.W.2d 75 (1970); *State v. Myers*, 190 Neb. 146, 206 N.W.2d 851 (1973); *State v. Driver*, 38 N.J. 255, 183 A.2d 655 (1962); *Wilson v. State*, 59 Wis.2d 269, 208 N.W.2d 134 (1974).

In the present case, the tape recorder was in good operating order and the testimony at the *in camera* hearing reveals that the officer operating the recorder had operated it in the past and was familiar with it. Further, the tape was kept in a sealed envelope in the evidence locker except for the period of time that the police secretary made a transcript of it. Both the defendant and the interviewing officer can be readily identified as the speakers on the tape. The defendant had been given and had waived his *Miranda* rights [*Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966)], prior to the taking of the statement and was not coerced or induced to make it. The defendant does not contend that the tape did not accurately reflect his statement or that there were additions, changes or deletions made to the tape itself.

The defendant suggests that there were certain areas of the tape that were inaudible. We reject this argument because the court reporter copied into the record the tape recording without any problem in understanding it and her transcript appears to carry a completely coherent statement. The trial court did remark that there were

several areas of the tape that appeared inaudible but that a substantial portion was audible and made an understandable statement. The general rule is that a tape recording is not rendered inadmissible if it has inaudible areas so long as the recording as a whole is coherent and trustworthy. *E.g., United States v. Llinas*, 603 F.2d 506 (5th Cir. 1979), *cert. denied*, 444 U.S. 1079, 62 L.Ed.2d 762, 100 S.Ct. 1030 (1979); *Quick v. State*, 599 P.2d 712 (Alaska 1979); *People v. Barajar*, 81 Cal. App.3d 999, 147 Cal. Rptr. 195 (1978).

We find no error in regard to the admission of the tape recorded statement.

### III.

The defendant contends that the trial court committed error in commenting in the presence of the jury with regard to the admissibility of the tape recording that the defendant's rights were not violated in any way. The trial judge also stated that the defendant was not treated unkindly and therefore the statement was made voluntarily, since no duress was present or promises were made to him. Defense counsel objected to these remarks as vouching for the credibility of the statement. The court responded, "I am not vouching for the credibility of the statement. I am vouching for the fact the court does not believe ... that the defendant was mistreated in any way."

It is rather apparent from the record and particularly the evidence developed at the *in camera* hearing that the judge's remarks were addressed to the fact that there was no evidence that the police had utilized any coercive pressure on the defendant to obtain his confession. No contention was made by the defendant at the *in camera* hearing, at trial, or on this appeal that any coercive tactics had been used by the interrogating officer. It is the lack of dispute over these facts that renders this point nonreversible error. Had there been any contrary evidence from the defendant on this issue, we would be required to reverse under the standard set in the last

sentence of Syllabus Point 4 of *State v. Burton,* 163 W. Va. 40, 254 S.E.2d 129 (1979):

> "With regard to evidence bearing on any material issue, including the credibility of witnesses, the trial judge should not intimate any opinion, as these matters are within the exclusive province of the jury."

*See also State v. Pietranton,* 137 W. Va. 477, 72 S.E.2d 617 (1952); *State v. Summers,* 118 W. Va. 118, 188 S.E. 873 (1936); *State v. Austin,* 93 W. Va. 704, 117 S.E. 607 (1923).

It is apparent under *State v. Vance,* ___ W. Va. ___, 250 S.E.2d 146 (1978), and our related cases, that while the trial court makes an initial *in camera* determination of the voluntariness of the defendant's confession, the jury is entitled to make this ultimate determination.* For this reason, a trial court judge should studiously avoid commenting to the jury in regard to his view of the voluntariness of the confession. Here, there was no factual issue raised in regard to the voluntariness of the confession and it is for this reason that no reversible error was committed.

## IV.

The final assignment of error relates to three defense instructions that were refused by the trial court. Defendant's Instruction No. 11 was an instruction stating that each juror had to be convinced beyond a reasonable doubt before a guilty verdict could be found. The jurors were advised of the duty to consult with fellow jurors but were admonished not to yield their own convictions. The substance of this instruction was added to the court's charge by stating that "each individual juror must be satisfied beyond a reasonable doubt, before

---

* Syllabus Point 4 of *State v. Vance, supra,* states:

"We adopt the "Massachusetts' or "humane' rule whereby the jury can consider the voluntariness of the confession, and we approve of an instruction telling the jury to disregard the confession unless it finds that the State has proved by a preponderance of the evidence it was made voluntarily."

he can under his oath consent to a verdict of guilty." This language when included with the usual reasonable doubt and presumption of innocence language which was given to the jury covered the substance of Defendant's Instruction No. 11.

Defendant's Instruction No. 15 was basically a reasonable doubt instruction but contained some added touches such as phrases that it is not the policy of the law to convict men when the evidence is insufficient just to uphold the law and deter crime. The instruction contained a reference to *State v. Johnson*, 104 W. Va. 586, 140 S.E. 532 (1927), but no such instructional language was approved in that case. The trial court committed no error in refusing this instruction as it was not so much statement of a relevant legal principle but a jury argument.

Defendant's Instruction No. 16 stated that if the jury had a reasonable doubt as to the grade of offense of which the defendant was guilty, they should resolve the doubt in the defendant's favor and find him guilty of the lower grade; if reasonable doubt existed as to whether he was guilty at all, the defendant should be acquitted. We believe that the trial court was not in error in refusing this instruction since it was abstract and confusing under the kidnapping charge in this case. Since the elements of the offense are not gradated but the penalty is moderated by a recommendation of mercy or a finding of lack of bodily harm to the victim, the term "grade of offense" is confusing. We have stated in the past that an instruction which is abstract or confusing need not be given. *State v. Starr*, 158 W. Va. 905, 216 S.E.2d 242 (1975); *State v. Cantor*, 93 W. Va. 238, 116 S.E. 396 (1923). The trial court properly refused all three instructions.

Because of the failure to hold an *in camera* hearing on the admissibility of certain evidence seized by virtue of the alleged consent of the defendant, the case is remanded under the guidelines herein contained.

*Remanded.*