309 S.E.2d 82

**STATE of West Virginia**

v.

**Joseph EHTESHAM.**

No. 15792.

Supreme Court of Appeals of
West Virginia.

Nov. 14, 1983.

John L. Henning, Elkins, for appellant.

Chauncey H. Browning, Atty. Gen., and Michael L. Harper, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is an appeal by Joseph Ehtesham from an order of the Circuit Court of Randolph County denying his motion to set aside a jury verdict and for a new trial. The defendant was found guilty of possession of a controlled substance (LSD) with intent to deliver.

On appeal the defendant's principal assignment of error is that the trial court erred in refusing to allow him to present evidence at a suppression hearing. We

agree, and we reverse the ruling of the circuit court.

A suppression hearing was conducted in the defendant's case on February 26, 1981. The State presented the following evidence at the hearing. On May 14, 1980, an undercover police informant working with Trooper R.R. Alkire of the West Virginia Department of Public Safety entered a dormitory at Davis and Elkins College and purchased LSD. Prior to entering the dormitory the informant had been strip-searched, and had been given marked money with which to make the purchase. The informant returned with two tablets of LSD and identified the defendant as the person from whom he had purchased the LSD. The defendant was a student at the college.

Thereafter, Trooper Alkire appeared before a magistrate and executed affidavits for arrest and search warrants. The informant did not appear. Subsequently, an arrest warrant and a search warrant, both dated May 14, 1980, were issued by the magistrate. The search warrant authorized a search of the room assigned to the defendant at Davis and Elkins College. After issuance of the warrants, Trooper Alkire and members of the Elkins City Police Department proceeded to the dormitory where the defendant lived.

In the course of the suppression hearing Officer Alkire, who had procured the search warrant, was asked to identify the affidavit supporting the issuance of the warrant. The prosecuting attorney had a written statement of the undercover informant taken by another trooper which was identified as State's Exhibit 2. The defense counsel sought to examine this statement, and this led to a discussion between counsel and the court with regard to disclosing the name of the undercover informant.

The court refused to require disclosure of the undercover informant's name and held that the suppression motion would be denied. Defense counsel objected to the

termination of the hearing and the court's refusal to permit him to cross-examine Officer Alkire. Defense counsel claimed that Trooper Alkire would admit that the LSD seized under the search warrant was not found in the defendant's room but in the room of his girlfriend.[1] He also contended that there was no consent to search that room and that Officer Alkire would acknowledge this fact.

The defense attorney maintained that there was no arrest warrant for the defendant issued at the time of the search and that Officer Alkire would admit this, as would a magistrate who was waiting to testify. Finally, defense counsel claimed that because Officer Alkire did not see the initial controlled substance buy, his procurement of the search warrant was based on information supplied by the informant and, therefore, the informant's reliability was an issue which he should be able to develop.

The trial court, after hearing defense counsel outline his contentions, held his decision would stand and refused to resume the hearing and ruled that the LSD seized in the defendant's girlfriend's room was admissible.

■ Our law regarding the right to present evidence at a suppression hearing is contained in Syllabus Point 2 of *State v. Harr*, 156 W.Va. 492, 194 S.E.2d 652 (1973):

"A hearing on the admissibility of evidence allegedly obtained by an unlawful search contemplates a meaningful hearing, at which both the state and the defendant should be afforded the opportunity to produce evidence and to examine and cross-examine witnesses."

*See also State v. Tomey*, 163 W.Va. 578, 259 S.E.2d 16 (1979); *State v. Pratt*, 161 W.Va. 530, 244 S.E.2d 227 (1978).

■ We do not believe that the trial court provided a meaningful opportunity to defense counsel to develop the evidence surrounding the various issues that he

---

1. In this case, the defendant was convicted of possession of LSD with intent to deliver. Whether he was prosecuted for the delivery of LSD to the undercover informant is not shown in the record of this case.

raised. Consequently, we hold that the trial court erred in this respect.[2]

 We do not, however, reverse the defendant's conviction but utilize the procedure that we, along with other courts, have developed in an analogous situation, i.e., where the trial court has neglected to hold an appropriate mandatory hearing. In Syllabus Point 2 of *State v. Walls,* 170 W.Va. 419, 294 S.E.2d 272 (1982), we said:

> "The proper procedure where a mandatory preliminary hearing has not been held by the trial court, in regard to evidentiary matters whose admissibility is ordinarily challenged on constitutional grounds, is to remand the case for conducting such a hearing. Depending on the trial court's ruling at such hearing, the conviction is either affirmed or reversed."

*See also State v. Harris,* 169 W.Va. 150, 286 S.E.2d 251 (1982); *State v. Clawson,* 165 W.Va. 588, 270 S.E.2d 659 (1980).

Therefore, in accordance with the procedure set out in *State v. Walls, supra,* and our earlier cases, this case is remanded to the circuit court with directions that it conduct a further suppression hearing as contemplated by *State v. Harr, supra.* If the circuit court determines that the evidence seized should be suppressed, then the defendant should be accorded a new trial. If, on the other hand, the court determines that the evidence should not be suppressed, the trial court should uphold the conviction without prejudice to the defendant's right to challenge the admissibility ruling on appeal.

Remanded with Directions.

---

**2.** The State does not cite *State v. Harr, supra,* but cites only *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980), contending that it intimates that due process interests are of less magnitude in a pretrial suppression hearing than in the trial itself. We do not find *Raddatz* helpful since it dealt with a provision of the Federal Magistrate Act, 28 U.S.C. § 636(b)(1). This provision allows a federal judge to refer suppression hearing motions to a federal magistrate and to accept the magistrate's findings in certain instances, without the necessity of a *de novo* hearing. We have no such procedure. *See* W.Va.Code, 62–1A–6, and Rule 5.1(a), West Virginia Rules of Criminal Procedure.