PEOPLE v KARELSE

Docket No. 75603. Submitted March 5, 1985, at Grand Rapids.—
Decided June 19, 1985. Leave to appeal applied for.

Robert M. Karelse was convicted of fourth-degree criminal sexual
conduct for engaging in sexual relations with his mentally
retarded daughter, Ionia Circuit Court, Charles W. Simon, Jr.,
J. A motion *in limine* was filed by defendant prior to trial
wherein he alleged that his daughter was incompetent to
testify. After examining the victim, the court agreed that, de-
spite her apparent ability to tell the truth, the victim's limited
mental ability and her susceptibility to influence made her
incompetent as a witness. The court further held, however, that
the transcript of the victim's preliminary examination testi-
mony could be read to the jury. Defendant appealed. *Held:*

1. Defendant's allegation that the trial court's ruling on his
daughter's incompetence was erroneous is without merit. A
party may not predicate on appeal as error a procedure which
was followed at the request of his counsel.

2. The prior testimony of a witness is admissible in a subse-
quent proceeding where the witness is unavailable to testify
and the party against whom the testimony is offered had an
opportunity and similar motive to develop the testimony of the
witness at the prior hearing. An examining magistrate's deci-
sion at a preliminary examination that a witness is competent
to testify is reviewable only to determine whether there was an
abuse of discretion. Where no abuse of discretion occurred, a
subsequent showing of the witness's inability to testify truth-
fully at trial, thereby rendering the witness unavailable, affects
only the credibility of the prior testimony, not its admissibility

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Appeal and Error § 545 *et seq.*

[2, 3] Am Jur 2d, Evidence §§ 738 *et seq.,* 1082, 1090.
Use or admissibility of prior inconsistent statements of witness as
substantive evidence of facts to which they relate in criminal case
—modern state cases. 30 ALR4th 414.

[4, 5] Am Jur 2d, Evidence § 436.
Admissibility in evidence of sound recording as affected by hearsay
and best evidence rule. 58 ALR3d 598.

at trial. The trial court properly admitted the daughter's preliminary examination testimony.

3. At trial, the victim's brother testified that he had not discussed the criminal incident with his sister prior to reporting it to the sheriff. The defendant wanted to question him about a tape recording of a conversation between him and his sister to contradict that statement and to show that the brother had influenced his sister's thinking about the incident. The court ruled that the contents of the tape recording would be admissible if defendant opened the door by using the tape to impeach the brother's testimony. Defendant did not use the tape for impeachment. The court's ruling was proper inasmuch as the tape's admission under those circumstances did not violate the best evidence rule, if it was applicable at all, or the hearsay rule.

4. The court's treatment of defense counsel did not deny defendant a fair and impartial trial.

Affirmed.

1. APPEAL — PRESERVING QUESTION.

A party may not predicate on appeal as error a procedure which was followed at the request of his counsel.

2. EVIDENCE — PRIOR TESTIMONY — RULES OF EVIDENCE.

The prior testimony of a witness is admissible in a subsequent proceeding where the witness is unavailable to testify and the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony of the witness at the prior hearing (MCL 768.26; MSA 28.1059; MRE 804[b][1]).

3. EVIDENCE — WITNESSES — PRIOR TESTIMONY.

An examining magistrate's decision at a preliminary examination that a witness is competent to testify is reviewable only to determine whether there was an abuse of discretion; where no abuse of discretion occurred, a subsequent showing of the witness's inablility to testify truthfully at trial, thereby rendering the witness unavailable, affects only the credibility of the prior testimony, not its admissibility at trial.

4. EVIDENCE — BEST EVIDENCE RULE — TAPE RECORDINGS.

The best evidence rule generally applies only to the contents of documentary evidence; if it were applicable to tape recordings of conversations, the best evidence of the conversations would be the recordings, once a proper foundation was laid.

5. EVIDENCE — TAPE RECORDINGS — HEARSAY REBUTTAL.

A tape recording of a conversation of a witness and another

person is admissible as an exception to the hearsay rule to rebut an allegation that the other person improperly influenced the witness.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary M. Gabry,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

*Fowler, Tuttle & Harley* (by *Larry D. Fowler),* for defendant.

Before: Hood, P.J., and MacKenzie and R. D. Dunn,* JJ.

Per Curiam. Defendant was convicted by a jury of fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5), for engaging in sexual relations with his 20-year-old mentally retarded daughter. Defendant appeals as of right.

A motion *in limine* was filed by defendant prior to trial wherein he alleged that his daughter was incompetent to testify. After examining the victim, the court agreed that, despite her apparent ability to tell the truth, the victim's limited mental ability and her susceptibility to influence made her incompetent as a witness. See MRE 601. The court further held, however, that pursuant to *People v Edgar,* 113 Mich App 528; 317 NW2d 675 (1982), the transcript of the victim's preliminary examination testimony could be read to the jury.

Defendant's first argument on appeal, that the trial court abused its discretion by ruling the victim incompetent, is without merit. Defendant cannot request a certain action in the trial court, in this instance a finding that the victim was incompetent, and then, after the request has been followed by the court, argue on appeal that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

action was error. *People v Murry,* 106 Mich App 257, 262; 307 NW2d 464 (1981).

Defendant next argues that the trial court erred in allowing the victim's preliminary examination testimony to be admitted into evidence.

MRE 804(b)(1) provides that the prior testimony of a witness is admissible in a subsequent proceeding if the witness is unavailable to testify and if the party against whom the testimony is offered had an opportunity and similar motive to develop the testimony of the witness at the prior hearing. See also MCL 768.26; MSA 28.1049. We find that the trial court correctly ruled under MRE 804(a)(4) that the victim, due to her mental incapacity, was unable to testify and was therefore unavailable as a witness. Further, the transcript of the preliminary examination shows that defendant utilized his opportunity to develop the victim's testimony on the issue of his guilt by cross-examination. Therefore, we find that, despite contrary findings by the examining magistrate and the trial court on the issue of the victim's competency, the preliminary examination transcript was properly allowed into evidence. *Edgar, supra,* p 535. Any inconsistency goes to the weight of the evidence, not its admissibility. *Edgar, supra.*

The next issue raised by defendant involves a tape recording of a conversation between the victim and her brother, the prosecution's main witness, made after the alleged assault but prior to police involvement. The existence of the tape contradicted the brother's testimony at the preliminary examination that he had not discussed the incident with his sister before he reported it several days later to the sheriff's department. By this, defendant intended to show that the brother had improperly influenced his sister's thinking with regard to the assault by discussing it with her

before she was questioned by the police. The court ruled that the contents of the tape would not be admissible unless defendant opened the door by using the tape to impeach the brother's testimony. Defendant did not attempt to impeach the victim's brother by use of the tape. Defendant argues that the court's ruling violated the "best evidence" rule as the best evidence of a conversation is not a tape recording of the conversation, but rather the testimony of the conversants. We do not agree. First, the best evidence rule generally applies only where the contents of *documentary* evidence are in dispute. *People v Trudeau,* 51 Mich App 766, 772; 216 NW2d 450 (1974), *lv den* 391 Mich 839 (1974). See *People v Manier,* 19 Mich App 602, 605; 173 NW2d 248 (1969). Second, even if the best evidence rule were applicable here, we would rule that, once a proper foundation was established, see *People v Frison,* 25 Mich App 146; 181 NW2d 75 (1970), the tape recording would be more reliable than the memory of one or both of the conversants as to what was actually said.

Defendant further contends that the tape recording would have been inadmissible hearsay. However, had defendant made mention of the tape in an effort to show that the victim's brother had improperly influenced her story, the tape would have been admissible by the prosecutor in rebuttal under an exception to the hearsay rule. *People v Davis,* 106 Mich App 351, 354-355; 308 NW2d 206 (1981), *lv den* 414 Mich 947 (1982).

Defendant's final argument on appeal is that the trial court prejudiced his case by treating defense counsel in a derogatory fashion. We have carefully reviewed each instance brought to our attention and conclude that the conduct of the court did not

deny defendant a fair and impartial trial. *Jackson v Depco Equipment Co,* 115 Mich App 570, 582; 321 NW2d 736 (1982).

Affirmed.