Alfred H. Kleiman, J.
The defendant, pursuant to sections 807 and 813-c of the Code of Criminal Procedure seeks an order vacating a search warrant on the ground that certain evidence seized pursuant thereto was illegally obtained, and suppressing the said evidence.
Heretofore, a search warrant was issued by a Judge of this court, pursuant to section 797 of the Code of Criminal Procedure, directing the search of certain premises occupied by a grocery store and the person of one “ John Doe ” for “ written records of policy, pads, pencils,, and other gambling paraphernalia, commonly used in the illegal operation of policy. ’ ’ Armed with this warrant, police officers searched the described premises and the defendant, which search disclosed the presence of a quantity of alleged gambling records and a .45 caliber revolver, all of which were seized. The defendant was thereafter charged with violations of sections 265.05, 225.05 and 225.15 of the Penal Law (possession of a dangerous weapon and policy gambling).
The warrant which was issued was based on the arresting officer’s sworn affidavit that a confidential informant, who had proved reliable in the past, had told him of personally placing bets of policy with the defendant in the grocery store. He further swore in his affidavit: “ Observations by deponent on February 22, 1969, from' 11:30 a.m. to 12:00 Noon and on February 24, 1969, from 12:20 p.m. to 12:50 p.m., resulted in the observation of a total of (12) persons (unknown males and females), entering premises 48 Manhattan Avenue, (Grocery Store), City and County of New York,, at various intervals of time, and did *51 engage one e John Doe ’ (as described below), in short conversations, after which said unknown persons did hand said ' John Doe ’, money in bill and/or coin form and in several instances slips of paper as well and then emerge from said premises without making purchases therein. After each of the aforementioned transactions, said ‘ John Doe would move to the rear of said premises, make notations on a slip of paper and then secrete said slip of paper under the cash register, located therein, and then return to the front of said premises, where said acts would be repeated. During the time and date of the first observation, said informant accompanied deponent and personally pointed out said ‘ John Doe ’ (described below) and identified him as the person engaged in said illegal policy activity.”
The above affidavit meets the test laid down by the Supreme Court in Aguilar v. Texas (378 U. S. 108 [1964]) and reaffirmed in Spinelli v. United States (393 U. S. 410 [1969]). “ In short that test requires that the affidavit show (1) whether the informant is in fact reliable, and (2) whether the underlying circumstances as to how the informant came by his information demonstrates sufficient probability of credibility to allow the search of the premises or person in question.” (People v. Hendricks, 25 N Y 2d 129, 133 [1969].) The first prong of the test was met by a statement in the affidavit that “ his [the informant’s] information has resulted in the following arrests (effected by deponent), which has resulted in convictions ” (cases omitted), and the second by the statement “ Said informant has personally placed direct bets of policy with said 1 John Doe ’.” (People v. Munger, 24 N Y 2d 445 [1969].) Accordingly, I find the facts alleged in the affidavit were sufficient proof of probable cause to justify the issuance of the warrant. (People v. Cerrato, 24 N Y 2d 1 [1969].) If that were the sole basis of the motion, I would sustain the search under the warrant. (People v. Rogers, 15 N Y 2d 422, 425 [1965].)
However, the grounds upon which the warrant was issued were controverted by the defendant and therefore pursuant to section 807 of the Code of Criminal Procedure this court took testimony in relation thereto. The People did not oppose the holding of this hearing. (Cf. People v. Solimine, 18 N Y 2d 447 [1966].)
Upon the hearing, the officer testified to essentially the same facts except that on cross-examination it was established that he had made all of the above observations with the use of binoculars, sitting in a car across the street from the premises. He further testified that the informer was in the car two minutes at Avhich time he had ‘ ‘ pointed ’ ’ out the defendant. The officer’s *52 partner did not use the binoculars in the. car and did not testify to any similar observations.
The defendant’s wife, daughter, and one of his employees testified that the defendant was not in the store at any of the times the officer allegedly observed him. To- the latter testimony the court gives little credence.
However, the principal witness on behalf of the defendant was a qualified civil engineer who testified that he had visited the premises and that from the vantage point where the officer testified he had made his observations, it was, even with binoculars, impossible to have seen the transactions described in the affidavit. Photographic evidence was offered in support of this testimony.
Until People v. Alfinito (16 N Y 2d 181 [1965]), there was no controlling authority in this State on the issue as to the right of a person, against whom a search warrant has been issued,, to try out the truthfulness of the affidavit upon which the search warrant issues. The Supreme Court has left this question open. (Rugendorf v. United States, 376 U. S. 528 [1964].) A majority of the States hold that an accused cannot inquire as to whether the facts stated in the affidavit are true (79 C. J. S., Searches and Seizures, § 86; Ann. 5 ALB 2d 396) although a more liberal trend towards the minority view permitting such inquiry is to be noted. (See O’Bean v. State, 184 So. 2d 635 [Miss.] overruling Mai v. State, 152 Miss. 225.) A similar division of authority is to be noted in Federal decisions. (United States v. Halsey, 257 F. Supp. 1002, 1005 [U. S. Dist. Ct., S. D. N. Y. 1966]; see, also, United States v. Averell, 296 F. Supp. 1004 [U. S. Dist. Ct., E.D. N. Y. 1969].)
Issues of credibility and reliability having long been held to be questions primarily for the-judicial officer issuing the warrant (People v. Rodger, 28 A D 2d 625 [3d Dept., 1967]); and in attempting to ‘ ‘ avoid creating a situation where overstrict rules would invalidate numerous warrants simply because witnesses can later be found to swear to the opposite of what the officer swore when he procured the warrant” (People v. Alfinito, 16 N Y 2d 181, 186, supra), our highest court, in joining with what still appears to be the minority view, set forth the following rules: 1 ‘ first, that section 813-c of the Code of Criminal Procedure is to be construed so as to permit an inquiry as to whether the affidavit’s statements were perjurious-, second, that the burden of proof is on the person attacking the warrant [citations omitted], and third, that any fair doubt arising from the testimony at the suppressal hearing as to whether the affidavit’s allegations were perjurious should be resolved in favor of the war *53 rant since those allegations have already been examined by a judicial officer in issuing a warrant.” (p. 186; emphasis added).
In applying these rules to the facts in the present case two issues have been raised: 1. in what context does the court use the word ‘1 perjurious ’ ’, and 2. what is the degree of proof that must be met by the def endant.
To the extent that the defendant urges that perjury refers to any falsity, untruthfulness or inaccuracy, citing People v. Rizzo (50 Misc 2d 458 [County Ct., Nassau County, 1966]), this court rejects that argument and respectfully declines to follow the dicta in the latter decision.
While I do not believe that the Court of Appeals intended that all of the elements which must be proven in a criminal prosecution for perjury (Penal Law, § 210.00 et seq.) must be proven in an inquiry trying out the truthfulness of the affidavit, I interpret the rule to be as stated in a recent decision of the Circuit Court of Appeals, that the defendant must prove the statements in the affidavit “ to have been false, to the knowledge of the affiant, in a material respect.” (United States ex rel. DeRosa v. LaVallee, 406 F. 2d 807, 808 [2d Cir., 1969].)
As to defendant’s burden of proof, the above rule states that “ any fair doubt ” should be resolved in favor of the warrant. I do not believe that this means that defendant has the burden of proving perjury, as defined above, beyond a reasonable doubt, but rather that the defendant must prove the falsity of the affidavit by a preponderance of the evidence. The latter has always been held to be the maximum burden placed on a defendant in any criminal proceeding (cf. Penal Law, § 25.00, subd. 2. See United States v. Schipani, 289 F. Supp. 43, 54 [U. S. Dist. Ct., E. D. N. Y., 1968]). No more than language such as “ clear and convincing ’ ’ has been held to be nothing more than ‘1 preponderance ” (cf. McKeon v. Van Slyck, 223 N. Y. 392, 397), does the use of the language “ fair doubt ” connote a higher degree of proof. (See People v. Boyd, 57 Misc 2d 769, 770, [Dist. Ct., Nassau County, 1968].)
With the above principles in mind and after weighing the evidence and resolving any fair doubt in favor of the warrant, I am constrained to find that the defendant has proven by a preponderance of the evidence that the statements of the officer in the affidavit as to his observations of the 11 transactions ’ ’ were false, to the knowledge of the affiant, in a material respect. Accordingly, the search warrant is vacated.
The remaining issues are, therefore, whether without a warrant there was probable cause for arrest pursuant to subdivision 1 of section 177 of the Code of Criminal Procedure and the search *54 and seizure as incidental thereto, and whether the name of the informer must be revealed.
While the ultimate burden of proving an illegal search is on the defendant, the People must “ come forward with some evidence to show probable cause.” (People v. Baldwin 25 N Y 2d 66, 70-71 [1969].) Put otherwise “ the People have the burden of going forward to show the legality of the police conduct in the first instance ’ ’. (People v. Whitehurst, 25 N Y 2d 389, 391 [1969].)
Even eliminating that part of the testimony found to have been false, i.e., observations of the transactions, I find that the remaining credible testimony of the arresting officer 1 ‘ when taken together and in conjunction with the information” provided by the informer “ establishes the requisite reasonable or probable cause.” (People v. Malinsky, 15 N Y 2d 86, 91 [1965].) However, to sustain the legality of a search without a warrant without disclosing the identity of the informant, there must be sufficient evidence apart from the confidential communication to establish the requisite reasonable cause. (People v. Malinsky, supra, p. 92. See, also, People v. Coffey, 12 N Y 2d 443, 452 [1963].)
I find that the remaining credible testimony of the arresting officer, to wit, his observations of a total of 12 persons entering and leaving a grocery store after engaging the defendant in short conversations, is in itself insufficient evidence to establish the necessary probable cause. Thus, without further supporting evidence, the ‘ ‘ prosecution must reveal the name of * * * [the] informer whose information it is that makes out reasonable cause for an arrest and search without a warrant.” (People v. White, 16 N Y 2d 270 [1965].)
However, in the interest of justice, since both parties to the hearing were addressing themselves primarily to the issue raised by the contravening of the affidavit, a further hearing may be had if requested by the People. Accordingly, the motion to suppress the seized evidence is granted, unless within 10 days after publication of this decision,, the People shall either file a notice requesting a further hearing at which “ evidence may be furnished by an independent witness to [the informer’s] communication * * * and by proof as to the reliability of the informer ” (People v. Malinsky, 15 N Y 2d 86, 93 supra), or shall file a notice disclosing the identity of the informer (id., p. 96). If no such notice is filed by the People within the aforesaid 10 days, the court will enter an order suppressing the evidence.