397 So.2d 974 (1981)
John Edmund COBY, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-528.
District Court of Appeal of Florida, Third District.
April 21, 1981.
Rehearing Denied May 27, 1981.
*975 Bennett H. Brummer, Public Defender and David J. Finger, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The issue before us is whether the defendant was entitled to disclosure of the identity of a confidential informant pursuant to Florida Rule of Criminal Procedure 3.220(a)(1)(i). Under the circumstances presented, we find that he was, and reverse the defendant's adjudication of guilty on the violation of probation and remand the cause to the trial court to first determine, in an in-camera hearing, if disclosure as to the identity of the confidential informant would have been of material assistance to the defense; and, in the event that it would, for the trial court to require disclosure and then re-try the defendant.
On October 3, 1977, the defendant was placed on three years probation following a plea of nolo contendere. On January 1, 1979, he was charged with violating his probation by possession and sale of heroin and cocaine to a police officer on August 23, 1978 and again on August 28, 1978. Negotiations for the sale were initiated through a confidential informant who was present throughout the first transaction. The same was true with respect to the second transaction except the confidential informant was not actually present when the contraband and money were exchanged.
Only the police officer and the defendant testified at the probation revocation proceeding. The police officer's testimony was confusing with respect to the physical size of the defendant. Otherwise, the police officer was relatively certain as to the defendant's identity as the offender. The defendant did not deny that the policy officer purchased the contraband from someone. He does, however, deny that he was the one who sold the narcotics. His defense was "misidentification." The defendant's position is that the disclosure of the confidential informant's identity is significant to the issue of identification. The trial court denied defendant's motion to compel disclosure of the confidential informant or to conduct an in-camera hearing. It is from the denial of that motion that the defendant pursues this appeal.
It is settled that a defendant has the right to utilize the discovery provisions of Florida Rule of Criminal Procedure 3.220 at probation revocation hearings as well as at trial. Hines v. State, 358 So.2d 183 (Fla. 1978). In Treverrow v. State, 194 So.2d 250 (Fla. 1967), the Supreme Court established some of the guidelines to be considered in determining whether an exception to the state's privilege against non-disclosure of a confidential informant exists. In this case, all of the factors articulated are applicable because: (1) it was the prosecutor who first referred to the confidential informant; (2) the confidential informant participated to a substantial degree in the transaction; (3) the accused denied guilt; and (4) there after was no independent evidence of the accused's guilt.
This court has previously recognized the right to disclosure of a confidential informant's identity when the defendant's identity is an issue and the state offers no corroborating testimony. State v. Anderson, 329 So.2d 424 (Fla.3d DCA 1976); Monserrate v. State, 232 So.2d 444 (Fla.3d DCA 1970). Although the conviction of a defendant in a primary trial as well as a probation revocation hearing may validly rest upon the testimony of one witness, Wright v. State, 182 So.2d 264 (Fla.3d DCA 1966), where the disclosure of an informant's identity is essential to a fair determination of the cause, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), it may be error not to require it.
In this case, the state did no seek, pursuant to Florida Rule of Criminal Procedure 3.220(a)(4), to deny disclosure based upon substantial risk of physical harm to the confidential informant. Ultimately, disclosure or non-disclosure of a confidential informant *976 rest upon balancing of the respective interest according to the circumstances of each case. Garcia v. State, 379 So.2d 441 (Fla.3d DCA 1980). However, where a proper showing occurs, the privilege against non-disclosure will totally give way in favor of disclosure. State v. Hassberger, 350 So.2d 1 (Fla. 1977).
On remand to the trial court, the defendant's substantial interests may be completely protected by the trial court ordering the disclosure of the confidential informant at an in-camera hearing. State v. Williams, 369 So.2d 416 (Fla.3d DCA 1979). Should the testimony of the confidential informant disclose the defendant as the seller of the contraband, the trial court is authorized to confirm its previous findings and determinations and enter an appropriate sentence. In the event the trial court finds that the disclosure by the confidential informant tends to exculpate the defendant then it is directed to afford the defendant a plenary probation revocation hearing.
Reversed and remand with directions.