COMMONWEALTH *vs.* JOHN S. TALICEO, JR. February 4, 1982. The defendant appeals from his conviction of unlawful possession of a certain Class E (valium) controlled substance with intent to distribute. The single issue presented on appeal is whether the judge correctly denied the defendant's request that the Commonwealth disclose the identity of the informant who had assisted the police in their investigation of this matter. The informant heard and observed the illegal transaction.

"As the facts of this case are indistinguishable in principle from those of *Commonwealth* v. *Ennis*, 1 Mass. App. Ct. 499 (1973), it was error for the judge to deny the defendant the [identity] of the informant . . . ." *Commonwealth* v. *Grasso*, 9 Mass. App. Ct. 832 (1980). See also *People* v. *Goggins*, 34 N.Y.2d 163, 169-170, cert. denied, 419 U.S. 1012 (1974).

The Commonwealth's evidence showed that "the informer was the only other [nonculpable] person present at the sale and, what is more,

arranged the meeting at which it occurred." *Commonwealth* v. *Ennis*, 1 Mass. App. Ct. at 503. In these circumstances, the informant was in a position to offer testimony which might have been "relevant and helpful to the defense." *Roviaro* v. *United States*, 353 U.S. 53, 60-61 (1957). Contrast *Commonwealth* v. *Abdelnour*, 11 Mass. App. Ct. 531, 538 (1981).

*Judgment reversed.*

*Verdict set aside.*

*Edward N. Hurley* for the defendant.

*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.