UNITED STATES of America, Plaintiff,

v.

**Joseph Shelton DAVIS, III, Defendant.**

**No. CR–79–889–AAH.**

United States District Court,
C. D. California.

March 25, 1982.

Eric Dobberteen, Los Angeles, Cal., for plaintiff.

Philip A. DeMassa, San Diego, Cal., for defendant.

HAUK, Chief Judge.

An evidentiary hearing was held today, March 22, 1982, pursuant to the decision and mandate of the Court of Appeals, Ninth Circuit, 663 F.2d 824 (9th Cir. 1981), wherein witnesses were called and exhibits were marked and admitted into evidence. Thereupon, the Court being fully informed of all the facts and advised as to the applicable law, and good cause appearing, the Court makes and enters the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1. Officer Thompson had knowledge of all of the facts contained in his affidavit of March 28, 1977 which supported the "Blue Lagoon" warrant, (Court's exhibit # 2), prior to signing said affidavit.

2. Officer Thompson's knowledge was gained either from his subordinate officers, or through his presence when various informants' statements were made to those officers.

3. Officer Thompson believed the information contained in his affidavit to be true.

4. Officer Thompson believed that the "Blue Lagoon" warrant was merely an extension of the "PDI" warrant, the affidavit for which had been signed by Officer Epstein who in fact had spoken to each of the informants, and which had been issued in the context of the same investigation.

5. Officer Thompson's indication in the affidavit that he personally had spoken with all of the informants was the result of mere inadvertence, and was in no way intended to mislead the judge who signed the warrant.

6. Because both warrants were signed on the same day by the same judge, and

both pertained to the same ongoing investigation, there is no possibility that the judge could have been mislead by Officer Thompson inadvertently indicating that he had personally spoken to each of the informants.

7. These findings of fact are in addition to those made in open court during the hearing of March 22, 1982, and to the extent that they contain conclusions of law, they shall be deemed to be incorporated with the conclusions of law.

## CONCLUSIONS OF LAW

■■■ Based on the aforesaid findings of fact, this Court now concludes as a matter of law:

1. The evidence is clear that the errors in Officer Thompson's affidavit were the result of mere inadvertence, and do not rise to the level of deliberate falsehood or reckless disregard for the truth.

2. Defendant Davis has failed to establish, by a preponderance of the evidence, that there was any deliberate falsehood or reckless disregard for the truth in the affidavit supporting the "Blue Lagoon" warrant.

3. The defendant having failed to meet this burden of proof, this Court must reinstate the original judgment and conviction of February 25, 1980.

4. Even if defendant Davis had met his burden of proof, thereby requiring the informant information to be excised from the Thompson affidavit, this Court concludes that under *United States v. Fogarty*, 663 F.2d 928 (9th Cir. 1981), the judge approving the "Blue Lagoon" and "PDI" warrants, having signed both on the same day, was not required "to read either affidavit with tunnel vision," and would therefore have been justified in considering both the "PDI" and "Blue Lagoon" affidavits together, thereby clearly establishing probable cause.

5. Having found the "Blue Lagoon" warrant valid, the evidence secured by it is therefore admissible. No error having been committed at trial through introduction of inadmissible evidence, this Court must reinstate the judgment and conviction of defendant Davis of February 25, 1980.

6. These conclusions of law are in addition to those made in open court during the hearing of March 22, 1982, and to the extent that they contain findings of fact, they shall be deemed to be incorporated with the findings of fact.

Let Order and Judgment be entered accordingly.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

· U.S.A. ·       )
                )
           Plaintiff(s) )
vs.             )
             )
Joseph Shelton Davis, III )
           Defendant(s) )

CASE NUMBER: CR79-889 ■(USCA 80-1094)

PROOF OF SERVICE

I, the undersigned, certify and declare under penalty of perjury that I am over the age of 18 years, employed in the office of the Clerk, U. S. District Court, Central District of California in the County of Los Angeles, State of California, and not a party to the above-entitled cause.

That on _March 26_, 19_82_, I served a true copy of _Findings of fact, conclusion of law + order + judgment reinstating judgment_, by depositing it in the United

States Mail in a sealed envelope with the postage thereon fully prepaid addressed to the following persons:

Eric Robberteen,
assistant U.S. attorney
1200 U.S. Courthouse
LA 90012

Philip A. De Masa
2150 First Avenue
San Diego, Calif. 92101

The Hon. J. Clifford Wallace
the Hon. Warren J. Ferguson
the Hon. Alfredo C. Marquez,
c/o Christopher Vasil, acting Clerk
U.S. Court of Appeals
P.O. Box 547.
San Francisco, Calif. 94101

Place of Mailing: Clerk's Office, U.S. District Court

Executed on _March 26_, 1982 at Los Angeles, California.

_____
Deputy Clerk