294 S.E.2d 272

**STATE of West Virginia**

v.

**Charles WALLS.**

**No. 14868.**

Supreme Court of Appeals of West Virginia.

July 15, 1982.

---

MILLER, Chief Justice:

The defendant, Charles "Bubby" Walls, appeals his conviction of possession of cocaine with intent to deliver in violation of W.Va.Code, 60A–4–401 [1971]. We reverse and remand with instructions.

The defendant was arrested on December 21, 1978, following a search of his residence in which police found a kitchen matchbox containing 48 cocaine packets. The search was conducted under a warrant issued on that date by Magistrate Philip Sos. Earlier that day Deputy Anthony Cristiani had presented Magistrate Sos with an affidavit and complaint averring that the defendant was in possession of "marijuana and cocaine" at the described premises. The affidavit recited that "a previously reliable informant on December 21, 1978, said that Bubby Walls offered for sale an amount of Cocaine and Marijuana and that he personally saw the controlled substances in the home of Bubby Walls." This language was quoted in the search warrant issued by Magistrate Sos as the probable ground for issuing the warrant.

On January 26, 1979, the defendant moved to suppress the evidence seized as a result of the search warrant. Deputy Cristiani and Magistrate Sos testified at that hearing about the circumstances under which the affidavit was signed and the search warrant was issued. Magistrate Sos testified that Deputy Cristiani came to the Logan County Courthouse with a prepared affidavit and search warrant with

spaces left for the necessary signatures. The magistrate put Cristiani under oath, then asked him about the informant and the basis of his information. The officer replied that the informant had visited the defendant's residence that day and had seen packets of marijuana and cocaine which the defendant had offered for sale. The magistrate asked the deputy about the informant's reliability, and the deputy indicated that the informant had previously provided useful information in two prior cases. The magistrate testified that he then issued the warrant. Deputy Cristiani's testimony at the suppression hearing was consistent with the testimony given by Magistrate Sos.

Prior to trial, the defense counsel requested the name of the State's informant. The trial court denied this motion. After the jury was sworn in, however, the State revealed the informant's identity. The defense counsel then subpoenaed the informant, a Mr. Ellis, as a part of the defense case. When placed on the witness stand, Ellis denied that he had provided any of the information contained in the affidavit to Deputy Cristiani. He stated that he had never been to the defendant's residence. Defense counsel then moved the court that it reconsider the suppression issue and hold a further suppression hearing. The trial court denied this motion and proceeded with the trial.

The thrust of defendant's argument is that the informant's testimony was shown at the initial suppression hearing to be the only basis for the officer's probable cause

affidavit on which the search warrant was issued. Thus, when the informant testified at the trial that he was never in the defendant's residence and he had not given any of the information contained in the warrant affidavit to Deputy Cristiani, who was the affiant in the affidavit, this totally undermined the validity of the warrant.

■ We are cited *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), where the United States Supreme Court held it constitutionally permissible under certain conditions to attack a search warrant affidavit. If such attack is successful, this will result in voiding the search warrant and rendering the property seized under such warrant inadmissible.

*Franks* constructs a rather comprehensive test that must be met in order to attack the validity of the warrant affidavit. It requires the person challenging the affidavit to make "allegations of deliberate falsehood or of reckless disregard for the truth" and to accompany them "by an offer of proof." Moreover, specific areas of falsity must be pointed out in the affidavit and this "should be accompanied by a statement of supporting reasons." Finally, the challenger is required to support his allegations by affidavits or "reliable statements of witnesses ... or their absence satisfactorily explained." 438 U.S. at 171, 98 S.Ct. at 2684, 57 L.Ed.2d at 682.[1]

■ Procedurally, the attack in *Franks* was made prior to trial at a suppression hearing. This ordinarily would be the appropriate time to raise this issue, however, where as here, defense counsel by reason-

---

1. The full text of *Franks, supra,* in this area is: "There is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing." 438 U.S. at 171–72, 98 S.Ct. at 2684–85, 57 L.Ed.2d at 682. (Footnote omitted)

able diligence could not obtain the critical facts because of the nondisclosure of the informant's name until the day of trial, we do not believe that a *Franks'* inquiry is foreclosed. This point has received little formal attention in reported cases. *Cf. United States v. Luschen*, 614 F.2d 1164 (8th Cir. 1980), *cert. denied*, 446 U.S. 939, 64 L.Ed.2d 793, 100 S.Ct. 2161.

■ As noted above, *Franks* requires defense counsel to make an initial showing to the court by affidavit or otherwise of deliberate falsity in the warrant affidavit and where such showing has not been made no further inquiry is needed. In the present case, we believe such showing had been made when defense counsel subpoenaed and had the informant testify that he did not give the information contained in the warrant affidavit to the deputy and that he had not been in the defendant's residence. It was previously developed at the initial suppression hearing that there was only one informant involved. This evidence directly impeached the entire affidavit and, if true, would bring the conclusion that the affidavit was a deliberate falsity. *E.g., Juarez v. State*, 586 S.W.2d 513 (Tex. Cr.App.1979); *Ramsey v. State*, 579 S.W.2d 920 (Tex.Cr.App.1979).

Having made such initial showing, we believe it was incumbent on the trial court to permit a further inquiry, and its failure to do so constitutes error. We believe that trial counsel sufficiently preserved this error when he informed the trial court that the informant's testimony completely contradicted the warrant affidavit. This was also assigned on the motion for directed verdict relating to suppressing the seized evidence.

■ However, we do not automatically reverse the conviction in this case as we find no other trial error. We utilize the procedure as we have done in prior cases. The proper procedure where a mandatory preliminary hearing has not been held by the trial court in regard to evidentiary matters whose admissibility is ordinarily challenged on constitutional grounds is to remand the case for conducting such a hearing. Depending on the trial court's ruling at such hearing, the conviction is either affirmed or reversed. *E.g., State v. Harris*, 169 W.Va. 150, 286 S.E.2d 251 (1982); *State ex rel. White v. Mohn*, 168 W.Va. 211, 283 S.E.2d 914 (1981); *State v. Clawson*, 165 W.Va. 588, 270 S.E.2d 659 (1980); *State v. Lawson*, 165 W.Va. 119, 267 S.E.2d 438 (1980); *State v. Brewster*, 164 W.Va. 173, 261 S.E.2d 77 (1979). In this case on the remand, if the trial court determines that the informant's testimony is correct, then the warrant affidavit is bad under *Franks*, and as stated in *Franks*, this mandates that the evidence seized under it must be suppressed.[2]

This would mean that the defendant would then have to be accorded a new trial. If on the other hand, the court determines that the informant's testimony was not truthful or that the wrong informant was named,[3] then no deliberate falsity has been shown and the warrant affidavit stands, the search is validated, and the conviction affirmed.

The defendant's other grounds of error may be disposed of rather briefly. He contends that the search warrant is faulty because the magistrate failed to indepen-

**2.** "[W]ith the affidavit's false material set to one side, [and if] the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded ...." 438 U.S. at 156, 98 S.Ct. at 2676, 57 L.Ed.2d at 672.

Here the entire affidavit is traversed by the informant. Where not all of the allegations in a warrant affidavit are found to be deliberately false, *Franks* permits the trial court to see if the remaining allegations are sufficient to make a finding of probable cause and, if so, the warrant may be found valid. Moreover, this same screening can be utilized on defendant's initial attack and if the remaining allegations are sufficient no further hearing is needed.

**3.** There exists an unresolved factual issue of who is the informant. At the initial suppression hearing the identity of the informant was not disclosed. At trial the State gave defense counsel the name of a Mr. Ellis as the informant but after his testimony this statement was made by defense counsel in the course of a dialogue with the court: "I don't know where Mr. St. Clair is your Honor. Quite frankly, it is my understanding he is the informant in this case and not Mr. Ellis." (R 181).

dently evaluate the search warrant affidavit as required by *State v. Dudick*, 158 W.Va. 629, 213 S.E.2d 458 (1975). In support of this claim, the defendant asserts that the magistrate did not inquire as to the actual circumstances of the alleged informant's prior history of reliability before issuing the warrant.

 This contention is refuted by the record made at the suppression hearing which reveals that the magistrate did question the affiant deputy concerning the informant's reliability and was advised that the informant had previously provided information that led to arrests in two cases. The magistrate also questioned the officer as to when the informant observed cocaine in the defendant's residence. There is no contradictory evidence suggesting that the magistrate did not make a probable cause determination before issuing the search warrant. The fact that the affidavit did not detail the facts supporting the reliability of the informant does not render it invalid. We addressed this problem in *State v. White*, 167 W.Va. 374, 280 S.E.2d 114 (1981), where we said in Syllabus Point 1:

"A valid search warrant may issue upon an averment that an unnamed informant was an eyewitness to criminal activities conducted on the premises described in the warrant."

We, therefore, conclude that the warrant affidavit was sufficient in this case.

 The defendant contends next that the trial court erred in refusing to order the State to provide him with the informant's name. This argument is made independent of any claim as to the falsity of the warrant affidavit.[4] We discussed the question of disclosure of the informant's identity in a general way in *State v. Haverty*,

165 W.Va. 164, 267 S.E.2d 727 (1980), and came to this conclusion in Syllabus Point 1:

"A common law privilege is accorded the government against the disclosure of the identity of an informant who has furnished information concerning violations of law to officers charged with the enforcement of the law. However, disclosure may be required where the defendant's case could be jeopardized by non-disclosure."

The general rule is that where the informant has only peripheral knowledge of the crime, his identity need not be disclosed. *E.g.*, *United States v. Halbert*, 668 F.2d 489 (10th Cir. 1982); *State v. Conger*, 439 A.2d 381 (Conn.1981); *Dorton v. State*, 419 N.E.2d 1289 (Ind.1981). Where the informant directly participates in the crime, or is a material witness to it, disclosure may be required, particularly where, in a drug related crime, he is the only witness to the transaction other than the defendant and the buyer. *Coby v. State*, 397 So.2d 974 (Fla.App.1981); *State v. Diliberto*, 362 So.2d 566 (La.1978); *Commonwealth v. Taliceo*, 13 Mass.App. 925, 430 N.E.2d 1220 (1982). In the present case, it is arguable whether the informant is more than peripherally involved since he did not witness the actual seizure of the drugs which formed the basis of the defendant's conviction. However, his alleged presence in defendant's residence earlier in the day of defendant's arrest and his viewing of the same drugs is not without some materiality. We need not however resolve this issue since disclosure was made on the first day of trial and defense counsel was able to procure his attendance.[5] We find no error on this assignment.

---

**4.** In *Franks, supra,* the Supreme Court avoided the issue of "whether a ... court must ever *require the revelation of the identity of an informant* once a substantial preliminary showing of falsity (of the warrant affidavit) has been made." 438 U.S. at 170, 98 S.Ct. at 2683, 57 L.Ed.2d at 681. Some courts have required disclosure of the informant's name where he has furnished the warrant affidavit's facts and they are claimed to be deliberately false. *E.g.*, *People v. Dailey*, 639 P.2d 1068 (Colo.1982); *State v. Chase*, 439 A.2d 526 (Me.1982); *Com-*

*monwealth v. Douzanis*, 425 N.E.2d 326 (Mass. 1981).

**5.** In Syllabus Point 3 of *State v. Tamez*, 169 W.Va. 382, 290 S.E.2d 14 (1982), we set out a detailed procedure which should be utilized where the defense attorney requests disclosure of an informant's identity and the State refuses to disclose. The defense counsel by motion to the court is entitled to obtain an *in camera* hearing on the disclosure issue.

 Finally, the defendant contends that the trial court erred in giving State's Instruction No. 4 because it allowed the jury to infer the intent to transfer narcotics from surrounding circumstances without explaining that the State has the burden of proving intent to transfer beyond a reasonable doubt.[6] We have stated in Syllabus Point 3 of *State v. Frisby*, 161 W.Va. 734, 245 S.E.2d 622 (1978), that intent to deliver is determined from all the surrounding facts:

> "The question of whether a person possesses a controlled substance with intent to manufacture or deliver is a jury question to be determined like other questions of intent from all the surrounding facts and circumstances, and as such intent is a basic element of the offense, it must be proven beyond a reasonable doubt."

More recently in Syllabus Point 4 of *State v. Drake*, 167 W.Va. 170, 291 S.E.2d 484 (1982), we elaborated on some of the factors that might be considered:

> "Most courts have held that possession with intent to deliver a controlled substance can be proven by establishing a number of circumstances among which are the quantity of the controlled substance possessed and the presence of other paraphernalia customarily used in the packaging and delivery of controlled substances."

 We believe that Instruction No. 4 is compatible with the foregoing law. The fact that it did not utilize the term "beyond a reasonable doubt" is not fatal since both State's Instruction No. 2 and Defense Instruction No. 5, which carried the complete elements of the crime charged, specifically stated that the intent to deliver must be proved beyond a reasonable doubt. Our general rule as to instructional error in this area is stated in Syllabus Point 6 of *State v. Milam*, 159 W.Va. 691, 226 S.E.2d 433 (1976), as follows:

> "When instructions are read as a whole and adequately advise the jury of all necessary elements for their consideration, the fact that a single instruction is incomplete or lacks a particular element will not constitute grounds for disturbing a jury verdict."

As we have more fully explained in the initial portion of this opinion, this case is remanded to the Circuit Court for a *Franks v. Delaware*-type hearing on the warrant affidavit. Depending on the results of that hearing, the trial court will either affirm or reverse the defendant's conviction.

Remanded with Directions.

---

**6.** State's Instruction No. 4 reads as follows:
> "The Court instructs the jury that the intent to transfer narcotic drugs may be inferred from surrounding circumstances including the manner in which the narcotic drugs are packaged and the amount of the narcotic drug present, and in this regard the Court instructs the jury that if they find from the facts in evidence in this case that the defendant had possession of an amount of narcotic drugs that was more than a person would normally keep for their own personal use they may infer from that fact the intent to transfer same."