332 S.E.2d 862

**STATE of West Virginia**

v.

**Rodney E. MANSFIELD.**

**No. 16454.**

Supreme Court of Appeals of West Virginia.

July 11, 1985.

George P. Stanton, II, Asst. Atty. Gen., Charleston, for appellant.

William D. Highland, West Virginia Public Legal Services, Charleston, for appellee.

PER CURIAM:

This is an appeal by Rodney E. Mansfield who was convicted by a jury in the Circuit Court of Nicholas County of delivery of a controlled substance and sentenced to not less than one nor more than five years in the state penitentiary. The appellant's principal contention is that the trial court erred in denying motions for a mistrial and for a judgment of acquittal, both based on

the refusal of the trial court to compel disclosure of the identity of a confidential informant. The appellant also contends that the trial court erred in denying his motion to be sentenced under our Youthful Offender Act, *Code,* 25–4–1 *et seq.*

The appellant was indicted by a Nicholas County grand jury on August 16, 1983. He was charged with delivering marihuana, a controlled substance, in January of 1983. The State's evidence at trial showed that Trooper B.M. Henry, who was then working under cover, and two unidentified individuals (referred to as the "Summersville informant" and the "Beckley informant") drove to the appellant's residence, where Henry purchased six bags of marihuana containing a total of 33.7 grams from the appellant. The price was $150. Both informants were present at the sale. A state police chemist testified that the purchased substance was marihuana.

Prior to trial, the appellant moved for disclosure of the identity of the two informants, on the grounds that both were eyewitnesses to the alleged drug purchase and that the appellant's defense would be prejudiced by nondisclosure. The appellant also requested a bill of particulars to include the names and addresses of all persons who supplied information about appellant to the police or who observed the transaction upon which the indictment was based.

At a pretrial hearing on the disclosure motion, appellant's counsel told the court that the requested information was necessary for a fair trial. The assistant prosecuting attorney referred to the police report which indicated that the informants were not active participants. The motion was denied on the ground that the informants did not play an active part in the transaction.

Disclosure was also denied as part of the requested bill of particulars. The prosecuting attorney again represented to the court that the "Beckley informant" was not an active participant, but was "just a lead-in and observer only."

When Trooper Henry testified at trial, it became clear that the "Beckley informant" did more than simply lead the trooper to the house or introduce the trooper to the dealer. The "Summersville informant" performed those functions. Trooper Henry testified that he brought the "Beckley informant" with him because that individual knew a lot about drugs. "He knew everything. He was just like a walking encyclopedia when it came to drugs." (Tr. p. 23) During the drug purchase, both Trooper Henry and the Beckley informant were given baggies containing the suspicious substance. They smelled it and fingered it. According to Henry's testimony, the informant said, "Yeah, it's good. It's dynamite."

During cross-examination of Henry, the Beckley informant was characterized as an expert in the field of drugs. At this point in the trial, defense counsel approached the bench and moved for a mistrial on the ground that the Beckley informant was, in fact, a material witness and that the State's failure to disclose his identity mandated a mistrial. The motion was denied. Defense counsel renewed the motion at the close of evidence, and again it was denied. Defense counsel then moved for a "directed verdict." This was also denied.

Following the trial, the appellant filed a motion for a judgment of acquittal and a motion to set aside the verdict and grant a new trial. Both motions were denied.

■ In several recent cases we have discussed the government's privilege against disclosure of the identity of a confidential informant and have held that in limited circumstances, disclosure may be required.

"A common law privilege is accorded the government against the disclosure of the identity of an informant who has furnished information concerning violations of law to officers charged with the enforcement of the law. However, disclosure may be required where the defendant's case could be jeopardized by nondisclosure." Syl. pt. 1, *State v. Haverty,* 165 W.Va. 164, 267 S.E.2d 727 (1980) Syl. pt. 1, *State v. Tamez,* 169 W.Va. 382, 290 S.E.2d 14 (1982); syl. pt. 4, *State v. Walls,* 170 W.Va. 419, 294 S.E.2d 272 (1982).

In syllabus point 5 of *State v. Walls, supra,* we held:

The general rule is that where the informant has only peripheral knowledge of the crime, his identity need not be disclosed. Where the informant directly participates in the crime, or is a material witness to it, disclosure may be required, particularly where, in a drug related crime, he is the only witness to the transaction other than the defendant and the buyer.

Syllabus point 5 of *Walls* is directly applicable to the situation presented here, since Trooper Henry's trial testimony clearly showed that the "Beckley informant" was a witness to and a participant in the drug purchase. He was used by Henry to bolster Henry's credibility with drug dealers, and Henry vouched for the informant's credibility and expertise. He also handled the marihuana and helped confirm its identity. However, Henry's testimony was a surprise to the State, whose prosecuting attorneys accepted the label "informant" in the police report at face value. The representations of the prosecuting attorneys, made at pretrial hearings, to the effect that the "Beckley informant" was no more than a passive observer, were thus shown to be incorrect.

While we find no abuse of discretion in denying the appellant's motion for a mistrial, *State v. Williams,* 172 W.Va. 295, 305 S.E.2d 251 (1983), we believe the proper course would have been to hold an additional hearing on the appellant's need for disclosure, in the light of Henry's revelation concerning the actual role of the "Beckley informant."

The procedure to be followed in a hearing on the disclosure of the identity of a confidential informant is described in syllabus point 3 of *State v. Tamez, supra:*

When the State in a criminal action refuses to disclose to the defendant the identity of an informant, the trial court upon motion shall conduct an *in camera* inspection of written statements submitted by the State as to why discovery by the defendant of the identity of the informant should be restricted or not permitted. A record shall be made of both the in court proceedings and the statements inspected *in camera* upon the disclosure issue. Upon the entry of an order granting to the State nondisclosure to the defendant of the identity of the informant, the entire record of the *in camera* inspection shall be sealed, preserved in the records of the court, and made available to this Court in the event of an appeal. In ruling upon the issue of disclosure of the identity of an informant, the trial court shall balance the need of the State for nondisclosure in the promotion of law enforcement with the consequences of nondisclosure upon the defendant's ability to receive a fair trial. The resolution of the disclosure issue shall rest within the sound discretion of the trial court, and only an abuse of discretion will result in reversal. *W.Va. R.Crim.P.* 16(d)(1).

At such hearing, inquiry should be made into whether the "Beckley informant" might offer any exculpatory evidence or support appellant's defense of entrapment.*

For the foregoing reasons, we remand this case for a hearing on the issue of disclosure of the identity of the "Beckley informant" in accord with the principles set forth in *State v. Tamez, supra* and *State v. Walls, supra.* This procedure has been approved of in similar circumstances in *State v. Walls, supra* where we held in syllabus point 2:

The proper procedure where a mandatory preliminary hearing has not been held by the trial court in regard to evidentiary matters whose admissibility are ordinarily challenged on constitutional grounds is to remand the case for conducting such a hearing. Depending on the trial court's ruling at such hearing, the conviction is either affirmed or reversed.

---

* We note that the appellant presented no witnesses at trial. However, an instruction on entrapment was given over the State's objection at appellant's request.

■ We find no merit in the appellant's contention that the trial court abused its discretion in failing to sentence him under the Youthful Offender Act, *Code*, 25–4–1 *et seq.* The court considered the investigative report prepared by the probation officer which recommended that appellant not be placed on probation and indicated that the appellant had a background involving drug dealing. Under these circumstances, we find nothing improper in the denial of treatment as a youthful offender. *State v. Hersman*, 161 W.Va. 371, 242 S.E.2d 559, 561 (1978); *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 305 S.E.2d 268 (1983).

Remanded, with directions.