352 S.E.2d 103

**STATE of West Virginia**

v.

**Wilma Sue Ray WOOD.**

**No. 16846.**

Supreme Court of Appeals of West Virginia.

Dec. 18, 1986.

Rehearing Denied Feb. 17, 1987.

---

William J. Davis, Morgantown, for appellant.

Charlie Brown, Atty. Gen., Bethany Boyd, Asst. Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is an appeal by the appellant, Wilma Sue Ray Wood, from her conviction in the Circuit Court of Mingo County of the crimes of possession with intent to deliver and manufacture of a controlled substance. The appellant's principal contention is that the trial court erred in denying her motion to suppress certain incriminating evidence

introduced at trial and in limiting the scope of defense counsel's *voir dire* of the jury panel. We find no reversible error in the trial court's rulings on these matters, and we affirm the conviction.

In the early morning hours of November 12, 1982, Patrolman Jim Daniels, a Williamson city police officer, obtained a warrant to search the appellant's residence for phencyclidine, a controlled substance commonly known as PCP, and drug paraphernalia. The affidavit supporting the warrant states that a confidential informant "previously used ... and found to be reliable" had bought PCP at the appellant's residence. Patrolman Daniels and members of the Mingo County Sheriff's Department executed the warrant the same morning and seized a quantity of white powder later discovered to be PCP. The police also seized a number of other items, including drug paraphernalia and chemicals used in processing PCP. The appellant was arrested and subsequently indicted on charges of possession of a controlled substance with intent to deliver and of manufacture of a controlled substance.

Prior to trial, the appellant filed a motion to suppress the items seized by the police at her residence on the ground that the affidavit supporting the warrant was invalid.[1] On July 23, 1984, the first day of trial, an *in camera* suppression hearing was conducted. At the conclusion of the hearing, the trial court denied the appellant's motion, and the case proceeded to trial. On July 26, 1984, the jury found the appellant guilty of both charges, and she was subsequently sentenced to two consecutive one-to-five-year terms of imprisonment.

In this appeal, the appellant's principal assignment of error is that the trial court erred in denying her motion to suppress. She contends that the affidavit supporting the search warrant contained false statements, made either deliberately or with reckless disregard for the truth, which, if removed, would render the affidavit insufficient to establish probable cause for a search warrant.

We have recognized that, in certain circumstances, a substantial preliminary showing that a false statement has been made, knowingly and intentionally or with reckless disregard for the truth, by the affiant in a search warrant affidavit entitles an accused to an evidentiary hearing at which to challenge the truthfulness of the factual statements contained in the affidavit. *State v. Walls*, 170 W.Va. 419, 294 S.E.2d 272, at 275–276 (1982), *citing Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). "If such attack is successful, this will result in voiding the search warrant and rendering the property seized under such warrant inadmissible." *Id.*, at Syllabus point 1, in part.

A showing of entitlement to a hearing does not necessarily insure that the accused will prevail, however. The accused must show, by a preponderance of the evidence, that the statements are false and that they were made deliberately or with reckless disregard for the truth. *Franks v. Delaware, supra. See United States v. Romero*, 692 F.2d 699 (10th Cir.1982); *United States v. Davis*, 535 F.Supp. 552 (C.D.Cal.1982) *reversed on other grounds*, 714 F.2d 896 (9th Cir.1983); *Commonwealth v. Nine Hundred & Ninety-two Dollars*, 383 Mass. 764, 422 N.E.2d 767 (1981); *People v. Irizarry*, 64 Misc.2d 49, 314 N.Y.S.2d 384 (1970).

The testimony in this case was conflicting. The affiant, Patrolman Daniels, testified that he had obtained his information from one Paul Short, an informant who had provided him with reliable information in drug cases several years before. According to Daniels, the interview took place at Williamson Memorial Hospital, where Short had been taken following a suspected PCP overdose outside the apartment buildings where the appellant resided, and while in the company of Tony Kimble, the appellant's son. Daniels testified that Short was having trouble breathing but seemed coher-

---

1. The appellant also contended that there was a fatal defect on the face of the warrant in that it stated the wrong apartment number. This contention has been abandoned on appeal, however, and forms no part of our decision.

ent when he offered the information. Daniels further testified that he orally apprised the magistrate of these facts when he sought the warrant, even though Short's name did not appear on the affidavit or the warrant.

Short, on the other hand, vehemently denied virtually all aspects of Daniels' testimony. He testified that he had never been an informant for the Williamson Police Department or provided information to Patrolman Daniels. In addition, Short denied that he had ever met the appellant, bought drugs from her or been to her house prior to her arrest. Short also denied having spoken to Patrolman Daniels in the hospital early that morning. He subsequently admitted, however, that he remembered nothing of the evening after leaving a bar with Tony Kimble, and stated that he was incoherent and unaware of his surroundings for three days after his overdose.[2] At the conclusion of the hearing the trial court noted the inconsistencies in Short's testimony and concluded that it was not credible.

■ We cannot say that the trial court's ruling was erroneous. The credibility of witnesses and the weight to be given their testimony are matters for the trier of fact, whose findings are entitled to great weight and will not be disturbed on appeal unless clearly contrary to the evidence. *See State v. Guthrie*, 173 W.Va. 290, 315 S.E.2d 397 (1984); *State v. Lamp*, 163 W.Va. 93, 254 S.E.2d 697 (1979), *overruled on other grounds, SER Mohn v. White*, 168 W.Va. 211, 283 S.E.2d 914 (1981). *See also Unit-*

ed States v. Fawole, 785 F.2d 1141 (4th Cir.1986); *State v. Stepney*, 191 Conn. 233, 464 A.2d 758 (1983), *cert. denied*, 465 U.S. 1084, 104 S.Ct. 1455, 79 L.Ed.2d 772 (1984); *People v. Redmond*, 114 Ill.App.3d 407, 70 Ill.Dec. 404, 449 N.E.2d 533 (1983); *State v. Klar*, 400 So.2d 610 (La.1981). In view of the conflicting nature of the evidence, we find no reversible error in the trial court's ruling.[3]

■ For the same reason, we decline to hold that the trial court erred in allowing Patrolman Daniels to testify to an incriminating statement allegedly made by the appellant following her arrest.[4] The appellant denied having made the statement, but also testified that she was extremely intoxicated at the time, having consumed a fifth of whiskey and five quarts of beer along with prescription medication, and did not remember being advised of her rights. Daniels contradicted this, stating that the appellant appeared coherent at the time of her arrest and seemed to understand her rights. Again, the only issue was the credibility of the witnesses, which the trial court, after an *in camera* hearing, resolved against the appellant. We find no abuse of discretion which would warrant our interference with that finding. *See State v. Vance*, 162 W.Va. 467, 250 S.E.2d 146 (1978).

The appellant also contends that the trial court erred in allowing Patrolman Daniels to testify, over objection, that the appellant was arrested when she confronted the officers with a gun.[5] Although the appellant

---

**2.** This testimony is supported in some degree by the testimony of a fellow officer, Patrolman Pyrtle, who stated at trial that Short appeared incoherent in the hospital. Pyrtle also testified, however, that he was not present at the time Short supposedly spoke to Daniels.

**3.** The appellant also contends that the warrant was fatally defective because Patrolman Daniels' handwritten draft of the affidavit listed the date as November 10, 1982. The appellant asserts that this demonstrates that Patrolman Daniels used Short's overdose as an excuse to seek a warrant. However, this error was not asserted at the trial level, and no evidence was offered on the issue. It must, therefore, be deemed to have been waived. *See State v. Manns*, 174 W.Va. 793, 329 S.E.2d 865 (1985); *State v. Grimmer*, 162 W.Va. 588, 251 S.E.2d 780 (1979),

*overruled on other grounds, State v. Petry*, 166 W.Va. 153, 273 S.E.2d 346 (1980); *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

**4.** Patrolman Daniels testified that after the appellant was arrested and advised of her rights, he asked her where she kept the recipe for processing the PCP. According to Daniels, the appellant pointed at her head and said "It's up here."

**5.** Patrolman Daniels testified that the appellant was asleep on the couch when the warrant was executed and the police were unable to rouse her. The warrant was served on the appellant's mother, who was apparently living with the appellant at the time. After the search was under way, the appellant awoke and rolled over on the couch holding a handgun.

asserted that this evidence was immaterial and could only serve to prejudice the jury against her, the trial court ruled that the testimony related to the circumstances of the appellant's arrest and was, therefore, admissible.

█ " 'The action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellant court unless such action amounts to an abuse of discretion.' Syllabus Point 10, *State v. Huffmann*, 141 W.Va. 55, 87 S.E.2d 541 (1955)." Syllabus Point 4, *State v. Ashcraft*, 172 W.Va. 640, 309 S.E.2d 600 (1983). *See also State v. Louk*, 171 W.Va. 639, 301 S.E.2d 596 (1983); *State v. Rector*, 167 W.Va. 748, 280 S.E.2d 597 (1981). Accordingly, we find no reversible error in this ruling.

Finally, the appellant contends that the trial court erred in limiting defense counsel's *voir dire* of the jury. The record shows that the trial court conducted the *voir dire*, allowing each party to submit possible questions to be asked of the potential jurors. Defense counsel presented a list of fifteen questions, ten of which were rejected by the trial court on the ground that they did not relate to the qualifications of prospective jurors, but rather, presented principles of law more properly the subject of instructions at the close of the evidence. The appellant contends that this ruling deprived her of her right to a meaningful opportunity to examine the qualifications of the venire.

The rule with respect to the trial court's power to limit voir dire was recently restated in *State v. Ashcraft*, 172 W.Va. 640, 309 S.E.2d 600, 608 (1983):

> The trial court may ... properly limit the extent of the voir dire examination of prospective jurors to inquiries related to their qualifications. *State v. Pratt*, [161 W.Va. 530, 244 S.E.2d 227 (1978)]; *State v. Wilson*, 157 W.Va. 1036, 207 S.E.2d 174 (1974); *Henthorn v. Long*, 146 W.Va. 636, 122 S.E.2d 186 (1961); *Carpenter v. Hyman*, [67 W.Va. 4, 66 S.E. 1978 (1910)]. The trial court's exercise of discretion in determining the extent of inquiry on voir dire is not normally sub-

ject to review on appeal. However, the court's discretion is limited by the requirements of due process, and may be reviewed in a case of abuse. *See United States v. Magana-Arevalo*, 639 F.2d 226 (5th Cir.1981). *See also State v. Pratt, supra; State v. Beacraft*, 126 W.Va. 895, 30 S.E.2d 541 (1944).

█ After reviewing the questions offered by the defense, we cannot say that the trial court abused its discretion in refusing to make them part of its voir dire examination of the prospective jurors. Moreover, we note that the trial court conducted an extensive *voir dire* of the jury on its own motion and that defense counsel refused the opportunity to question the jurors individually about their qualifications. In these circumstances we find no reversible error in the court's ruling.

In summary, we find no reversible error in the trial court's evidentiary rulings or in its conduct of the *voir dire* examination. For the reasons stated herein, the judgment of the Circuit Court of Mingo County is affirmed.

Affirmed.