**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Francisco Jose MAGANA–AREVALO,**
**aka: Ricardo Ernesto Martinez-Hernandez, Defendant-Appellant.**

**No. 80–1866**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

March 9, 1981.

Lucien B. Campbell, Federal Public Defender, W. D. Texas, San Antonio, Tex., Herbert E. Cooper, Asst. Federal Public Defender, El Paso, Tex., for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

CHARLES CLARK, Circuit Judge:

After a trial by jury, Francisco Jose Magana-Arevalo was convicted on six counts of unlawfully transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(2). He appeals his convictions, raising claims of insufficiency of evidence, prejudicial pre-trial publicity, and improper prosecutorial comment. We affirm.

■ In reviewing the sufficiency of the evidence, we must view all the evidence, direct and circumstantial, in the light most favorable to the government and must accept all reasonable inferences and credibility choices that tend to support the jury's verdict. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942); *United States v. Middlebrooks*, 618 F.2d 273, 278 (5th Cir. 1980). The standard of review is whether a jury could reasonably find that the evidence was inconsistent with every reasonable hypothesis of innocence or, put another way, whether a reasonably minded jury must necessarily entertain a reasonable doubt of the defendant's guilt. *United States v. Rodgers*, 624 F.2d 1303, 1306 (5th Cir. 1980); *United States v. Witt*, 618 F.2d 283, 284 (5th Cir. 1980); *United States v. Jackson*, 588 F.2d 1046, 1056 (5th Cir.), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310 (1979).

■ We find sufficient evidence to support the jury's verdict. All of the El Salvadoran aliens were in the United States illegally, and Magana-Arevalo was apprehended after transporting them to the Union Depot Railroad Station in El Paso in order that they could board a train to Los Angeles. Although the six illegal aliens had never met the defendant before the day of their arrest, he arrived at their temporary lodgings and informed them that he would convey them to the station. They all volunteered to pay him $5.00 to drive them that short distance. One of the aliens, Acevado-Pacheco, testified that he informed the defendant that he was illegally in the

United States, even though the others denied telling Magana-Arevalo that they were illegal aliens. Acevado-Pacheco also testified that the defendant instructed them to lie down in the back of the van; the other aliens either gave no reason for lying in the van or testified that they did so on their own in order to avoid detection. In any event, all six of the passengers did in fact lie down in the vehicle.

Furthermore, Officer Randazzo testified that the defendant informed him that he was a citizen of El Salvador illegally in the United States. Magana-Arevalo admitted to Randazzo that he had met a man named Rafael Zuniga in Mexico who enlisted his assistance transporting illegal aliens in exchange for room, board, and a little spending money. Officer Randazzo further testified that the defendant told him that he had accepted this arrangement. Viewing the evidence in the light most favorable to the government and making all credibility choices that tend to support the jury's verdict, we cannot conclude that a reasonably minded jury must necessarily have entertained a reasonable doubt of Magana-Arevalo's guilt.

Defendant also contends that mass media coverage of El Savadorans smuggled illegally into the United States and abandoned by their guides to die in the Arizona desert adversely affected his jury trial. He challenges the district court's method for conducting the jury voir dire and its denial of his motion for continuance.

■ Rule 24(a) of the Federal Rules of Criminal Procedure gives the trial court broad discretion in deciding the scope and method of jury voir dire. *Ham v. South Carolina*, 409 U.S. 524, 527, 93 S.Ct. 848, 851, 35 L.Ed.2d 46, 50 (1973); *United States v. Gerald*, 624 F.2d 1291, 1296 (5th Cir. 1980). The court's discretion extends to the decision whether to propound questions submitted by counsel and also to the decision whether jurors should be questioned collectively or individually out of the presence of other jurors. *United States v. Shavers*, 615 F.2d 266, 268 (5th Cir. 1980); *United States v. Delval*, 600 F.2d 1098, 1102 (5th Cir.

1979). Of course, the trial court's broad discretion is limited by the dictates of due process, and the appellate court must independently evaluate the voir dire testimony of empanelled jurors. *See Irvin v. Dowd*, 366 U.S. 717, 722–23, 81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751, 755–56 (1961). On appeal, the court must determine whether the method adopted by the trial court is capable of giving "reasonable assurance that prejudice would be discovered if present." *United States v. Delval*, 600 F.2d at 1102; *United States v. Nell*, 526 F.2d 1223, 1229 (5th Cir. 1976). The trial court's decision will "not be lightly overturned." *United States v. Carroll*, 582 F.2d 942, 946 (5th Cir. 1978).

 This court has endorsed at least one acceptable method of assessing the jury's impartiality, applying a three-step process. *See United States v. Davis*, 583 F.2d 190, 197 (5th Cir. 1978); *United States v. Hyde*, 448 F.2d 815, 848 n.38 (5th Cir. 1971), *cert. denied*, 404 U.S. 1058, 92 S.Ct. 736, 30 L.Ed.2d 745 (1972). However, the pre-trial publicity in the case at bar did not concern events or persons actually involved in the trial. The district judge made it clear to prospective jurors that Magana-Arevalo was not implicated in the publicized events which had taken place in the Arizona desert. He questioned independently but not separately each juror acquainted with the publicity about his ability to remain impartial. In a case where publicity of matters extraneous to the trial is involved, application of the more rigorous procedures endorsed in *Davis* is unnecessary. Abuse of discretion remains the standard of review for the actions of the district court. After reviewing the examples of the publicity which some of the jurors had seen and considering the method of inquiry adopted by the trial judge, we find it was appropriately tailored to identify any potential prejudice. No abuse of discretion in conducting voir dire has been shown.

Similarly, a motion for continuance is directed to the sound discretion of the district court. *United States v. Cueto*, 611 F.2d 1056, 1060 (5th Cir. 1980); *United States v. Tilton*, 610 F.2d 302, 305 (5th Cir. 1980). In light of the kind of publicity involved here, we find nothing in the trial court's conduct approaching an abuse of that discretion.

Finally, Magana-Arevalo complains of improper prosecutorial comment on his failure to testify in his own defense. The standard of review is whether the language used by the prosecutor was intended to be or was of such a character that the jury would naturally take it to be a comment on the accused's failure to testify. *United States v. Capo*, 595 F.2d 1086, 1094 (5th Cir. 1979), *cert. denied*, 444 U.S. 1012, 100 S.Ct. 660, 62 L.Ed.2d 641 (1980). Considered in its entirety, *see Cobb v. Wainwright*, 609 F.2d 754, 755 n.1 (5th Cir.), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 857 (1980), the prosecutor's comment was directed to the defendant's guilt as proved by the evidence and not to his burden of proving his innocence. Moreover, in addition to his general charge that the defendant is presumed innocent and that no inference should be drawn from his failure to testify, the trial judge instructed the jury at the moment of the prosecutor's remark that the defendant had *no burden of proving anything*. This instruction remedied whatever minimal harm might have been caused by the prosecutor's comment.

AFFIRMED.