**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 96-21034
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ALFREDO SALINAS, also known
as Freddy Salinas,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

August 26, 1997

Before SMITH, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

This appeal by the government addresses the probation department's recommendation in the Presentence Investigation Report (PSR) that Defendant-Appellee Salinas be granted a two point downward adjustment for acceptance of responsibility and the district court's acceptance of that recommendation. When we apply the Bermea[1] standard of review to the district court's

---

[1] United States v. Bermea, 30 Fed.3d 1539, 1577 (5th Cir. 1994).

determination of acceptance of responsibility, as we must, being a more deferential standard than clearly erroneous, we are not inclined to disturb Salinas' sentence and therefore affirm.

I

FACTS AND PROCEEDINGS

Salinas was convicted following a plea of guilty of conspiracy to harbor and transport illegal aliens in violation of 8 U.S.C. § 1324 and 18 U.S.C. § 371. His indictment asserted that Salinas harbored "several" illegal aliens in his house in Rivera, Texas, on February 25, 1996, and March 20, 1996. Following his guilty plea without benefit of a plea agreement, he was sentenced to an eight months term of imprisonment.

The PSR recounted several alien harboring incidents involving Salinas and a total of 36 illegal aliens. Salinas did not object to the relevant conduct recitations of the PSR. Noting Salinas' acknowledgment of responsibility for involvement in the offense, his expressions of remorse, and his entry of a guilty plea to Count 1, the PSR recommended a two-point downward adjustment for acceptance of responsibility. Following objection by the government for lack of sufficient information upon which to assess acceptance of responsibility by Salinas, the PSR was supplemented with a more thorough explanation, concluding that, inter alia, Salinas' admission of all conduct comprising the offense charged entitled him to the reduction.

In opposing the reduction, the government argued that, despite Salinas' admission to housing 14 illegal aliens during the period

2

of time in question, the PSR recommended a four-level increase in offense level because Salinas was responsible for harboring a total of 36 illegal aliens. The government urges that inasmuch as Salinas failed expressly to admit to all of the relevant conduct and to the conduct comprising the offense of conviction, and falsely denied relevant conduct regarding the number of illegal aliens harbored, he was not entitled to reduction for acceptance of responsibility.

At sentencing, the court questioned Salinas extensively about acceptance of responsibility in the context of relevant conduct and the number of aliens involved, then overruled the government's objection. The court stated that it was not entirely convinced that Salinas had understood the full nature of all that he had pled guilty to in the case. A review of the colloquy between the court and Salinas makes that abundantly clear.

II

ANALYSIS

Although we review the sentencing court's application of the guidelines de novo,[2] we review the district court's factual findings, including those that do or do not amount to relevant conduct, for clear error.[3] More to the point, we review the sentencing court's determination of acceptance of responsibility with more deference than is due for a finding made under the

---

[2] United States v. Peterson, 101 Fed. 3d 375, 384 (5th Cir. 1996), cert. denied, 117 S.Ct. 1346 (1997).

[3] Id.

3

clearly erroneous standard.[4]  Section 3E1.1(a) of the Guidelines provides that if the defendant clearly demonstrates acceptance of responsibility for his offense, the sentencing court may lower the offense level by two.  A guilty plea prior to trial, coupled with truthfully admitting the conduct constituting the offense of conviction and admitting or at least not falsely denying any additional relevant conduct for which he is accountable constitutes "significant evidence of acceptance of responsibility."[5]

Even though a defendant who falsely denies or frivolously contests relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility,[6] there is no requirement that the defendant must volunteer or affirmatively admit relevant conduct beyond the conviction of offense.[7]  We have carefully considered the argument of the government and must concede that facially its points regarding relevant conduct, the dates of harboring the aliens, and the "body count" at least technically support the contention that the two-level decrease should have been denied.  On the other hand, the probation officer who prepared the PSR and the supplement had considerable interaction with Salinas, observed his demeanor, and heard his responses to the questions posed to him in light of the

_____

[4]  United States v. Bermea, 30 Fed. 3d at 1577 (5th Cir. 1994).

[5]  Section 3E1.1, comment. (n.3); United States v. Patino-Cardenas, 85 Fed. 3d 1133, 1135 (5th Cir. 1996).

[6]  Section 3E1.1, comment. (n.1(a)).

[7]  Id.; Patino-Cardenas, 85 Fed. 3d at 1135.

4

rather technical descriptions of dates and number of aliens involved, all of which left the probation officer, whose career is devoted to just such examinations, with the distinct impression that this obviously undereducated and unsophisticated defendant was truly accepting responsibility for his acts. He was remorseful for his participation, and attempted to be wholly forthright and explain the situation. Even though he may have made comments inadvertently that could be construed as denying some of the numbers regarding the relevant conduct, such denials do not smack of intentional falsification. We are constrained to assign significance to the conclusion of the probation officer, particularly when as here it is supported by the defendant's ready entry of a plea of guilty without even attempting to gain sentencing advantage through a plea bargain. Indeed, there is no indication of intentionally falsely denying or frivolously contesting relevant conduct.

Similarly and cumulatively, the district court at sentencing heard and considered the argument of the government in opposition to crediting Salinas' acceptance of responsibility, and also engaged in an extensive colloquy with Salinas during which the court, like the probation officer before it, had an opportunity to observe the demeanor of the defendant and judge his sincerity, candor and understanding. When the deference we owe the sentencing court under the Bermea standard is applied to the district court's observations and conclusions regarding acceptance of responsibility, particularly in light of the recommendation of the

PSR, we will not substitute our remote and detached reading of the cold record for those of the probation officer and the judge who had the benefit of direct interaction with the defendant regarding a matter so individualized and subjective as acceptance of responsibility.  The Guidelines have been written and construed to leave at least a modicum of discretion to the sentencing court, and this case presents a good example of instances when a bit of subjectivity can replace an objectively mechanical application of the Guidelines without doing violence to their objectives or those of Congress.  This is why we are disinclined to vacate the sentence imposed here by the district court, the calculation of which included, inter alia, the two-point reduction for acceptance of responsibility.

AFFIRMED.