**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-40765
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

GUILLERMO CRUZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas
(1:96-CR-104-7)

April 27, 1998

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Guillermo Cruz pleaded guilty to conspiracy to possess with intent to distribute 516.7 pounds of marihuana, in violation of 21 U.S.C. § 846. The district court sentenced him to a 60-month term of imprisonment, to be followed by a five-year term of supervised release. On direct appeal, Cruz makes the following assignments of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error: (1) the district court improperly attributed the entire amount of marihuana to him for sentencing purposes, and (2) the district court erred in determining that he had not accepted responsibility and thus was not entitled to a downward adjustment. Neither contention has merit.  We affirm.

The presentence report showed that Cruz was involved in a conspiracy to transport 516.7 pounds of marihuana from Texas to three other states for distribution.  Cruz is accountable for drugs which were part of the jointly-undertaken criminal activity and which were reasonably foreseeable to him.[2]  In this case, Cruz and six co conspirators were transporting 516.7 pounds of marihuana in an 18-wheel truck at the time they were stopped by police.  Even though Cruz contends that he was recruited only to help distribute 200 pounds of marihuana, it was certainly foreseeable to him that a far greater amount of drugs was involved in the conspiracy.  The district court did not err in relying on the presentence report, which held Cruz accountable for the entire 516.7 pounds of marihuana.[3]  Furthermore, because Cruz failed to prove that the district court relied on information that was materially untrue,

---

[2] See U.S.S.G. § 1B1.3(a)(1).

[3] See *United States v. Alfaro*, 919 F.2d 962, 966 (5th Cir. 1990) (a presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making factual determinations).

his due process claim fails, too.[4]

The district court did not commit error in declining to award Cruz a downward adjustment for acceptance of responsibility. At sentencing, Cruz was less than forthright about the nature of his involvement in the conspiracy. Accordingly, it was not clear error for the district court to find that Cruz had not accepted responsibility.[5]

AFFIRMED.

---

[4] See *United States v. Galvan*, 949 F.2d 777, 784 (5th Cir. 1991).

[5] See *United States v. Salinas*, 122 F.3d 5, 7 (5th Cir. 1997).