IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40809
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY CARMOUCHE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-149-1
--------------------
February 25, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Anthony Carmouche has appealed the sentence which he received upon pleading guilty of possessing lysergic acid diethylamide (LSD) with intent to distribute it. We AFFIRM.

Carmouche contends that the district court clearly erred by attributing to him, as relevant conduct, a quantity of methamphetamine which he possessed about 17 months prior to his commission of the offense of conviction. The district court did not err by crediting the uncontradicted statement of the confidential informant that he had regularly purchased LSD from Carmouche during the two-year period preceding the date of the

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense of conviction. See United States v. Lokey, 945 F.2d 825, 839 (5th Cir. 1991). Carmouche's methamphetamine possession was relevant conduct because it was part of the same course of conduct, i.e., his trafficking in controlled substances. See U.S.S.G. § 1B1.3(a)(2); United States v. Robins, 978 F.2d 881, 889-90 (5th Cir. 1992).

Carmouche contends that the district court reversibly erred by denying him sentencing credit for acceptance of responsibility, as provided by U.S.S.G. § 3E1.1. The district court based its ruling on findings that Carmouche had failed to truthfully admit the full extent of his involvement in the offense of conviction; that he falsely denied relevant conduct, i.e., another sale of LSD; and that Carmouche made false representations concerning a pistol which was in a vehicle where some of the negotiations occurred. These findings are amply supported by the testimony of the undercover officer at Carmouche's sentencing hearing, which also corroborated relevant information provided by the confidential informant. Such misrepresentations disqualify a defendant from receiving credit for acceptance of responsibility. See United States v. Salinas, 122 F.3d 5, 7 (5th Cir. 1997).

AFFIRMED.