United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03 - 40252
SUMMARY CALENDAR

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOLTH COPELAND,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Eastern District of Texas
(3:01-CR-12-1)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

In this appeal, we review Defendant - Appellant, Christolth Copeland's, conviction

pursuant to 18 U.S.C. § 922(g)(1) for possession of a firearm by a convicted felon. For the

following reasons, we uphold the conviction.

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.

FACTUAL AND PROCEDURAL BACKGROUND

On November 17, 1999, Copeland was a passenger in a vehicle stopped for speeding. When the officer approached the vehicle, he asked both the driver and Copeland for identification. During his questioning of the driver, the officer noticed that Copeland appeared nervous, looking straight ahead, avoiding eye contact, and taking deep breaths. The officer asked Copeland if he had any outstanding traffic or criminal warrants, and Copeland replied that he did not. The officer then asked if Copeland had ever been arrested, and again, Copeland said that he had not.

When the officer returned to his vehicle to prepare a warning citation for speeding, he ran a computer check on the vehicle and criminal history checks on the driver and Copeland. The criminal history check revealed that Copeland had been convicted of a drug offense and theft while serving in the United States military.

The officer returned to the vehicle and issued a warning to the driver of the car. The officer then asked Copeland to step out of the car. The officer questioned Copeland again about his prior arrests, and Copeland once again denied any prior arrests. At this point, the officer asked Copeland if there were any drugs or weapons in the vehicle, and Copeland replied that there was a gun in the trunk. When the officer asked Copeland to retrieve the gun, Copeland went to the passenger side of the car and pulled a gun out from under the seat. The officer then arrested Copeland for being a felon in possession of a firearm.

Copeland was indicted pursuant to 18 U.S.C. § 922(g)(1), and prior to trial, he filed a motion to suppress evidence obtained as a result of the traffic stop that led to his arrest. Copeland argued that the traffic stop and detention were made without probable cause and

without a search warrant. The trial court denied the motion. Following a two-day trial, Copeland was convicted.

Copeland's Presentence Report (hereinafter, "PSR") calculated his offense level at 14, and found that his criminal history category was II, yielding a sentencing range of 18-24 months. Although both the government and Copeland objected to the PSR, the district court sentenced Copeland to 18 months' imprisonment, three years' supervised release, and a $100 special assessment. This appeal timely followed.

II.

MOTION TO SUPPRESS

Copeland first argues that the officer had no right to ask for his identification at the time of the initial traffic stop and that the officer had no right to detain him after issuing a warning to the driver of the car. We review the district court's denial of Copeland's motion to suppress for clear error when considering the district court's factual findings, and we review the district court's conclusions of law de novo. *United States v. Shabazz*, 993 F.2d 431, 434 (5th Cir. 1993); *United States v. Coleman*, 969 F.2d 126, 129 (5th Cir. 1992).

The Fourth Amendment guarantees freedom from unreasonable searches and seizures. *United States v. Sharpe*, 470 U.S. 675, 682 (1985). However, while the Fourth Amendment requires probable cause for a search, investigatory stops are justifiable, if the officer has an articulable suspicion that a person has committed or is about to commit a crime. *Florida v. Royer*, 460 U.S. 491, 498 (1983); *Terry v. Ohio*, 392 U.S. 1 (1968).

The car in which Copeland was a passenger was stopped for speeding, and the officer noticed that Copeland appeared nervous and refused to make eye contact. Thus, the officer had

-3-

an articulable suspicion that warranted asking Copeland for identification. *Wyoming v. Houghton*, 526 U.S. 295, 297-98 (1999); *United States v. Santiago*, 310 F.3d 336, 337-38 (5ᵗʰ Cir. 2002); *United States v. Jones*, 234 F.3d 234, 237 (5ᵗʰ Cir. 2000); *United States v. Roberson*, 6 F.3d 1088, 1089-90 (5ᵗʰ Cir. 1993).

In light of the totality of the circumstances, it was also reasonable for the officer to briefly detain Copeland after issuing a warning to the driver of the car. Copeland had lied to the officer about his prior convictions, and thus, the officer was justified in investigating further. *United States v. Sokolow*, 490 U.S. 1, 7 (1989); *United States v. Greer*, 939 F.2d 1076, 1092 (5ᵗʰ Cir. 1991). The district court was correct in denying Copeland's motion to suppress.

### III.

### SUFFICIENCY OF THE EVIDENCE

Copeland next argues that there was insufficient evidence to support his conviction because the government failed to prove that he had previously been convicted of a felony. We review the evidentiary sufficiency of a criminal case by viewing the evidence and drawing all inferences most favorable to the verdict to see if the evidence would permit a rational jury to find all elements of the crime proven beyond a reasonable doubt. *Roberson*, 6 F.3d at 1093.

To convict Copeland of a violation of Section 922(g)(1), the government must prove (1) that Copeland knowingly possessed a firearm; (2) that before Copeland possessed the firearm, he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and (3) that the firearm had traveled at some time from one state to another. 18 U.S.C. § 922(g)(1).

The government produced a copy of the general court martial reflecting Copeland's prior

conviction showing that Copeland pleaded guilty to wrongfully using cocaine and stealing jewelry, currency, and a radio. Copeland was sentenced to 30 months' confinement, though the sentence was later reduced to two years. Further, military convictions are "convictions" within the meaning of Section 922(g)(1). *United States v. MacDonald*, 922 F.2d 967, 969 (9th Cir. 1993).

Because the government proved that Copeland was convicted in a court of a crime punishable by imprisonment in excess of one year, his challenge to the sufficiency of the evidence fails.

## IV.

## ACCEPTANCE OF RESPONSIBILITY

Copeland next argues that the district court erred by not decreasing his sentencing level by three points for acceptance of responsibility. We review the district court's application of the Sentencing Guidelines de novo. *United States v. Salinas*, 122 F.3d 5, 7 (5th Cir. 1997).

Copeland's argument is without merit because he entered a plea of not guilty and demanded a trial by jury. He did not stipulate to any of the facts required to be proven by the government. He denied that he had been convicted of a felony offense. The Sentencing Guidelines make it clear that a decrease may be applied to defendants who go to trial only in rare instances, such as when a trial is necessary to determine the constitutionality of a statute. U.S.S.G. § 3E1.1, cmt. n. 2; *United States v. Medina-Anicacio*, 325 F.3d 638, 647 (5th Cir. 2003). The district court did not err in determining that Copeland was not entitled to a reduction for acceptance of responsibility.

## V.

## EXCUSE OF VENIREMAN

Finally, Copeland's argument that the district court erred in excusing a venireman for cause is without merit. The court properly exercised its discretion in excusing a venireman who gave diametrically opposed answers to the court's questions. *United States v. Magana-Arevalo*, 639 F.2d 226, 228 (5th Cir. 1981).

## VI.

## CONCLUSION

For the foregoing reasons, the district court's judgement is AFFIRMED.