# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 21, 2013

Lyle W. Cayce
Clerk

No. 12-11251
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL ALEJANDRO DURAN-MUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-88-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Manuel Alejandro Duran-Munez (Duran) appeals the above-guidelines sentence imposed on remand following his illegal reentry conviction. He argues for the first time on appeal that his sentence was procedurally unreasonable and that the district court violated his Fifth Amendment right against self-incrimination by allegedly equating his silence at sentencing with a lack of remorse for his extensive criminal history. Our review is for plain error only. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Duran must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 135.

Duran contends that because he previously apologized to the court during his original sentencing, the district court's finding on remand that his silence evinced an absence of remorse for his extensive criminal history was clear error, which resulted in a procedurally unreasonable sentence. A sentencing court commits procedural error if it determines a sentence based on erroneous facts. *United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). A defendant's lack of remorse at sentencing can be considered by the sentencing court in fashioning the appropriate sentence. *See United States v. Kippers*, 685 F.3d 491, 499 (5th Cir. 2012).

The district court commented on Duran's lack of remorse during resentencing on more than one occasion, and Duran neither spoke nor objected to the district court's finding that he was not contrite. Duran's lack of remorse could have also been reasonably inferred not only from his silence but from his extensive criminal history and disregard for authority, which the district court expressly stated factored into its sentencing decision. On plain error review, the district court's finding of no remorse was not a plain or obvious error and, moreover, given that the perceived lack of remorse was but one factor contributing to the sentence imposed, along with Duran's lack of respect for authority, the serious nature of his crimes, and an extensive criminal history in a short timespan, Duran has not shown that his substantial rights were affected by this finding. *See Puckett*, 556 U.S. at 135. Finally, we will not substitute our judgment based on a cold record for that of the district court, which had an opportunity to observe the defendant's demeanor and judge his sincerity. *Cf. United States v. Salinas*, 122 F.3d 5, 7-8 (5th Cir. 1997).

Citing *Mitchell v. United States*, 526 U.S. 314 (1999), Duran argues that the district court violated his Fifth Amendment right against self-incrimination by equating his silence at sentencing with a lack of remorse when reference was

made by the prosecution to his kidnapping his ex-wife, a crime for which he had been convicted and sentenced. Duran's reliance on *Mitchell* is misplaced; *Mitchell*'s holding was limited to the drawing of adverse inferences from a defendant's silence with regard to details of the offense of conviction for which the defendant was being sentenced--in this case, Duran's illegal reentry into the United States. *See* 526 U.S. at 330. Moreover, Duran's Fifth Amendment privilege was not at issue; he had pleaded guilty to and had been sentenced for the aggravated kidnapping offense. Under *Mitchell*, there is no basis for asserting the Fifth Amendment privilege where there can be no further incrimination. *Id.* at 326. Duran has not shown, on plain error review, that he had a basis to assert his Fifth Amendment privilege concerning his aggravated kidnapping conviction.

AFFIRMED.